[Filed November 2, 1891.]

## T. S. McDANIEL v. E. J. MAXWELL.

CHOSE IN ACTION—ASSIGNMENT—RULE OF LAW.—It is a rule of law that a part only of an entire demand cannot, without the consent of the debtor, be assigned so as to enable the assignee to bring an action upon it, because the debtor has the right to preserve the singleness of his contract and thus avoid being harassed by more than one action for its enforcement.

IDEM—EQUITABLE ASSIGNMENT—NOTICE TO DEBTOR.—But in equity when there is a specific fund, sum of money, or debt actually existing or to become due in the future, an assignment of a designated portion of it will be valid; and after notice thereof, the debtor is bound to apply his payments to conform to the terms of the assignment.

EQUITABLE ASSIGNMENT, HOW EFFECTED.—To effect an equitable assignment, no particular form of words or instrument is necessary; and it may depend in part upon a writing, and in part on the oral agreement of the parties, or wholly upon either; but the writing to be sufficient must designate the particular fund upon which it is intended to operate.

Multnomah county: E. D. SHATTUCK, Judge.

Plaintiff appeals. Affirmed.

On February 28, 1890, the defendant E. J. Maxwell, who was a contractor for the improvement of certain streets in Portland, executed and delivered to the garnishee, the Commercial National Bank, an order on the auditor of the city of Portland, directing him to deliver to said bank any and all warrants drawn in his favor on account of said street improvement, and authorizing the bank to receipt for and endorse the warrants in his name. Before the bank received any of the warrants from the city of Portland, Maxwell, for a valuable consideration, executed and delivered to the payees named therein the following orders:

"PORTLAND, Oregon, June 28, 1890.

"*Mr. R. L. Durham, Cashier of the Com. National Bank, Portland, Or.*—DEAR SIR: Please pay to Wah Sing Company, on the tenth day of August, 1890, out of any money that may come into your hands for me, the amount shown by his book to be due for work performed during the month of July, under an agreement between said Wah Sing Company and myself. Yours, etc.,

"E. J. MAXWELL.

"The time of Chinese furnished by the Wah Sing Company, grading for July, is three hundred and ninety-one and six-tenths days at $1.25 per day, and twenty and one-half days at $2 per day, equals $531.37.

"E. J. Maxwell.

"William Peters, Foreman."

"July 5, 1890.

"*Mr. R. L. Durham, Cashier Commercial National Bank:* The full time for June for China labor furnished by Wah Sing Company is twenty-two days, equal $22.25; which please pay on the tenth to Wah Sing Company, and charge to my account.

"E. J. Maxwell."

"Portland, Oregon, August 19, 1890.

"*Commercial National Bank, Portland, Oregon.*—Dear Sirs: Please retain out of the warrants coming into your hands, one warrant amounting to not exceeding $300, which you will please deliver to Mr. R. Weeks, on account of Weeks & Churchill.

"E. J. Maxwell."

That afterwards, and before the warrants from the city of Portland were received by the garnishee, the orders above mentioned were presented to the garnishee and by it placed on file, under a parol agreement between the defendant Maxwell, the payees thereof, and the garnishee, that the garnishee, after reïmbursing itself for advances made to Maxwell, out of the proceeds of said city warrants, when collected, should apply the remainder of the proceeds in payment and satisfaction of the orders in the order in which they were presented unless restrained by legal proceedings; that on October 3, 1890, the auditor of the city of Portland delivered to the garnishee the warrants in Maxwell's favor for one thousand six hundred and sixty-nine dollars and fifty-nine cents; but before any application of the proceeds had been made, the garnishee process in the action of *McDaniel* v. *Maxwell* was served upon it.

The court below held that these orders constitute an

assignment and appropriation of so much of the funds as should be collected on the warrants of the city in favor of Maxwell as would be necessary to pay and satisfy the same, and entered a judgment in favor of the garnishee for its costs and disbursements, from which this appeal is taken.

*J. J. Johnson*, for Appellant.

*Sears & Beach*, for Respondents.

Bean, J.—The only question necessary for us to consider on this appeal is, whether the orders from Maxwell on the garnishee in favor of Wah Sing Company and R. Weeks, under the facts of this case, operated as an assignment or appropriation *pro tanto* of the funds to be collected by the garnishee on the warrants assigned to it by Maxwell.

It is universally recognized that at law a part only of an entire demand cannot be assigned so as to enable the assignee to bring an action upon it without the consent of the debtor, for the sufficient reason that it would subject the debtor to a multiplicity of actions at the instance of each assignee of a separate portion of the debt, and thereby subject him to many embarrassments and responsibilities not contemplated in his original contract. He has a right to stand upon the singleness of his contract and decline to recognize any assignments by which it may be separated into distinct portions. When he undertakes to pay an entire sum to his creditor, it is no part of his contract that he shall pay it in fractions to other parties. His obligation is single, and he should not be harrassed with different actions to recover parts of the one demand. In equity no such consequences could result. If parts of a single demand be assigned to different persons, the rights of all the assignees can be settled in one suit. In a suit by one assignee, not only the debtor and assignor but all other assignees or claimants to any part of the fund can be made parties to the suit, so that one decree may determine the duty of the debtor to each claimant, and his rights and interests be fully protected; and hence the reason for the rule at law

does not exist in equity. Where one has agreed for a valuable consideration that another shall have part of a debt or demand due him from a third person, and has made a transfer of such part, manifest justice requires that the agreement should be enforced, when it can be done without prejudice to the debtor.

While there is some confusion in the books, we think the better rule, as supported by the decided weight of authority, is that an assignment of a part of an entire demand is good in equity, and the debtor is bound after notice of the assignment to so apply the fund, and that an order drawn upon a third person for a valuable consideration from the payee, payable out of a designated fund, then due or to become due, operates when delivered to the payee as an equitable assignment or appropriation of the fund *pro tanto*, and no acceptance by the drawee is necessary. (3 Pom. Eq. § 1280; *Brill* v. *Tuttle*, 81 N. Y. 454; 37 Am. Rep. 515; *First National Bank* v. *Kimberlands*, 16 W. Va. 555; *Harris County* v. *Campbell*, 68 Tex. 22; 2 Am. St. Rep. 467; *Hutchinson* v. *Simon*, 57 Miss. 628; *James* v. *City of Newton*, 142 Mass. 366.)

By such an assignment the assignee obtains an interest in the property or fund, and not simply a right of action against the drawee. In order, therefore, that there may be an equitable assignment creating an equitable property, there must be a specific fund, sum of money, or debt actually existing or to become due in the future, and the order must be in effect an assignment of that particular fund or some designated portion thereof. No particular form of words or particular form of instrument is necessary to effect such assignment. Any binding appropriation of it to a particular use is an assignment, or what is the same, a transfer of the ownership. (Drake on Attachment, § 610.)

"The sure criterion," says Mr. Pomeroy, "is whether the order or direction of the drawee, if assented to by him, would create an absolute personal indebtedness payable at all events, or whether it creates an obligation only to make payment out of the particular designated fund." (3 Pom.

Eq. § 1280.). Since the assignee obtains not simply a right of action against the holder of the fund but an equitable property in the fund itself, it follows that when the assignment is by means of a written order, unless it specifies the particular fund or debt out of which its payment is to be made, it cannot operate as an equitable assignment. (*Percival* v. *Dunn*, 29 Ch. D. 128; *Phillips* v. *Stagg*, 2 Edw. Ch. 108; *Shaver* v. *Western Union Tel. Co.* 57 N. Y. 459.)

As to what will constitute a sufficient designation of the particular fund out of which the order is to be paid within the meaning of this rule, the authorities are in the utmost confusion. It is a question of intention to be gathered from the language of the instrument construed in the light of surrounding circumstances. The difficulty lies rather in the true construction to be put upon the order than the legal principle applicable in a given case. The difficulty is in determining whether the order is to be paid out of a given fund or not, and the question in all of this class of cases is the same, and must be determined according to the circumstances of each case. "The true test would seem to be," says Dwight, C., in *Munger* v. *Shannon*, 61 N. Y. 255, "whether the drawee is confined to the particular fund, or whether though a specified fund is mentioned, he would have the power to charge the bill up to the general account of the drawee, if the designated fund should turn out to be insufficient." It may well be doubted whether the orders from Maxwell to Wah Sing Company and R. Weeks sufficiently specify the particular fund out of which they were to be paid to operate as an assignment, but the subsequent agreement among the garnishee, Maxwell, and the payees named in the orders, at the time the orders were presented and placed on file, by which the garnishee, after reimbursing itself for advances made to Maxwell out of the proceeds of the city warrants, when collected, should apply the remainder in payment of these orders, can leave no doubt as to the fund intended. By this agreement the fund out of which these orders were to be paid was particularly

designated, and the garnishee herein assumed no personal liability but only obligated itself to make payment out of this fund, when it should come into its possession, and this arrangement was made with the assent of all the parties. When, as in this case, the debt is not evidenced by a writing, it may by the assent of the debtor be assigned even by a verbal agreement; and when such assent is given, the assignment is complete. (Drake on Attachment, § 614.) The fact that the orders in this case are in writing did not prevent the parties from afterwards agreeing upon some particular fund out of which they should be paid; and when such fund was designated, the orders, together with such subsequent agreement, operated as an equitable assignment or appropriation *pro tanto* of such specified fund. (*Moore* v. *Lowrey*, 25 Iowa, 336; 95 Am. Dec. 790; *First Nat. Bank* v. *Kimberlands*, 16 W. Va. 555.) The orders were but one step in the assignment; and in order to make it complete, it only remained to designate the particular fund which should be applied to their payment, and this was done by the subsequent parol agreement.

We are therefore clearly of the opinion that when the orders were presented to and received by the garnishee, under the agreement of the parties above mentioned, they operated as an equitable assignment or appropriation *pro tanto* of the fund, to be received by the garnishee from the city of Portland on the warrants in Maxwell's favor, and that it is bound to so apply the fund, and consequently cannot be charged as garnishee of Maxwell.

The judgment of the court below is therefore affirmed.