[Civil No. 1169.   Filed March 25, 1911.]

[114 Pac. 952.]

BELLE J. BARNES, Plaintiff and Appellant, v. L. C. SHAT-
TUCK, H. R. HANNINGER and EMIL MARKS, De-
fendants; J. L. B. ALEXANDER and MARY E.
STREET, Executrix, Interveners and Appellees.

1. PARTIES—INTERVENTION.—In an action for an accounting brought by
the plaintiff as heir and assignee of parties who had rendered legal
services to defendants under an agreement, whereby they were to
receive one-fourth of the money and property recovered in a liti-
gation, at the termination of which defendants had received money
and property, a petition in intervention was filed by parties who
alleged that they had been employed by plaintiff's decedent and her
assignor to assist in such litigation for an equal share with them of
the money and property received by defendants through the liti-
gation, and who asked for a decree for such share.  *Held,* that the
facts set forth by the interveners' petition showing an intention
to make the same fund a security for their compensation constituted
a good cause of action, entitling them to intervene as parties.

2. SAME—SAME—STATUTE.—Civil Code of 1901, paragraph 1278, pro-
vides that any person who has an interest in the subject matter of
a suit which can be affected by judgment may, on leave, intervene
in such suit or proceeding at any time before the trial.  In an ac-
tion by the heir and assignee of attorneys for an accounting of
moneys and property received by defendants under an executed
agreement for fees, whereby such attorneys were to receive a share
of the proceeds of a litigation, a petition of parties in intervention
showed that they made with plaintiff's decedent and assignor a like
contract for a part of such share.  *Held* that, under the statute,
the petitioners were entitled to intervene.

3. ACCOUNT—GROUNDS OF SUIT—EQUITABLE ASSIGNMENT.—An action
for an accounting of a share of money and property received by
defendants under an executed agreement, by which attorneys were
to receive a share of money and property recovered through their
services in litigation, can only be maintained on the theory that the
contract for such share operates as an equitable assignment under
which they are entitled to an equitable interest in the proceeds under
the litigation.

4. ASSIGNMENTS—"EQUITABLE ASSIGNMENT"—NATURE OF PROPERTY.—
To constitute an equitable assignment good as between the assignor
and assignee, it is not essential that the fund should have been
earned or *in esse* at the time of the assignment, or that notice be
given to the present or future holder of the fund, but, if the intent
of the parties to create the lien is apparent, it is sufficient that
there be a reasonable expectancy that the funds will be fully earned
and come into existence.

5. APPEAL AND ERROR—REVIEW—FINDINGS—CONCLUSIVENESS.—Where a judgment in an action for an accounting upon an executed agreement for attorney's contingent fees could only have been entered upon a finding that the evidence showed an intent that intervening parties should also rely for compensation upon the proceeds of the litigation, and such finding is supported by substantial evidence, it will be conclusive on appeal.

6. WITNESSES—COMPETENCY—TRANSACTIONS WITH DECEDENT—PARTIES AGAINST WHOM TESTIMONY IS EXCLUDED.—Civil Code of 1901, paragraph 2536, provides that, in actions by or against executors, administrators, heirs, or legal representatives of a deceased, neither party shall be allowed to testify against the other as to statements by decedents, etc., unless called by the opposite party. Plaintiff in an action for an accounting for moneys and property claimed to be due in part to her deceased husband sued as a sole heir of his estate and as the assignee of his partner. *Held* that, as plaintiff sued in her individual capacity, the statute did not apply, and that testimony of an intervening and adverse party as to statements by her deceased husband was admissible.

7. JUDGMENT—RENDITION AND FORM—PARTIES—AFFIRMATIVE RELIEF TO DEFENDANT.—In an action for an accounting for moneys and property claimed to be due under an executed agreement for a share of the proceeds. of a litigation, intervening parties claimed as against the plaintiff an equitable interest or lien in the proceeds under an agreement with the original parties to such agreement, without pleading payment by defendants to plaintiff, but defendants had pleaded payment to plaintiff, and, after defendants' answer setting up payment, plaintiff had moved to dismiss as to defendants. *Held,* that a judgment for the intervening parties was properly entered against the plaintiff as the holder of the fund.

8. EVIDENCE — DECLARATIONS — SELF-SERVING DECLARATIONS — STATEMENTS BY PARTNERS.—Plaintiff in an action for an accounting of moneys and property received by defendants through a litigation in which plaintiff's husband and his partner, who was plaintiff's assignor, were to have a share of the proceeds, in which adverse parties intervened, offered a copy of a telegram to her husband from his partner, who had not been present or participated in the oral contract for the share. *Held,* that the rule permitting evidence of the understanding of parties to an oral agreement as to its effect does not extend to a party who was not present or participating in such contract, and that the copy was inadmissible.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for Cochise County. Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

Eugene S. Ives, for Appellant.

The amended complaint in intervention does not state facts which entitle the parties filing it to intervene. Rev. Stats. 1901, par. 1278; *Horn* v. *Volcano Water Company,* 13 Cal. 62, 73 Am. Dec. 569; *Smith* v. *Gale,* 144 U. S. 509, 12 Sup. Ct. 674, 36 L. Ed. 521. Unless the facts stated in the complaint in intervention show that the interveners had a claim to the demand sued for by the appellant, no right to intervene is shown. "To authorize an intervention, the interest must be created by a claim to the demand, or some part thereof, in suit, or a claim to a lien upon the property, or some part thereof, which is the subject of litigation." *Yetzer* v. *Young,* 3 S. D. 263, 52 N. W. 1054. "An agreement to pay out of a particular fund, however clear in its terms, is not an equitable assignment." *Christmas* v. *Russell,* 14 Wall. (U. S.) 69, 20 L. Ed. 762. An agreement to pay a debt out of the proceeds of ore to be mined was not an equitable assignment. *Silent Friend Mining Co.* v. *Abbott,* 7 Colo. App. 76, 42 Pac. 318. The evidence was insufficient to show any right to intervene or to justify a judgment against the plaintiff. "It is an axiom of the law of evidence that parol testimony as to extrajudicial admissions made by a dead man out of the presence of others is the weakest kind of evidence." *Calhoun* v. *McKnight,* 44 La. Ann. 575, 10 South. 783; 5 Ency. of Evidence, 411; 1 Greenleaf on Evidence, secs. 200, 201; *Stephens* v. *Vroman,* 18 Barb. (N. Y.) 250; *Carbon Works* v. *Schad,* 38 Hun (N. Y.), 71. The amount of the judgment is manifestly excessive.

Alexander & Christy and Wm. M. Seabury, for Appellees.

The interveners possessed, alleged and proved an interest in the subject matter of the litigation, which entitled them to intervene, and to the judgment granted by the court below. If the interest of the interveners consists in an ownership of a part of the subject matter of the litigation or a lien thereon, all the authorities are uniform that the interveners have such an interest as entitles them to intervene. *Gulf C. & S. F. Ry. Co.* v. *Eldridge,* 35 Tex. Civ. App. 467, 80 S. W. 556; *Lewis* v. *Harwood,* 28 Minn. 428, 10 N. W. 586. There is sufficient evidence to support the judgment. The usual

test by which the sufficiency of the evidence to support a judgment is determined is that if there is any evidence to support the judgment, it would be error for the court to dismiss the complaint or to set aside a judgment based upon some credible evidence, however slight in quantity. *Willard* v. *Carrigan*, 8 Ariz. 70, 68 Pac. 538; *Jordan* v. *Duke*, 4 Ariz. 278, 36 Pac. 896; *Henry* v. *Mayer*, 6 Ariz. 103, 53 Pac. 590.

DOE, J.—Belle J. Barnes filed a complaint in the district court of Cochise county against L. C. Shattuck, H. R. Hanninger, and Emil Marks, defendants, alleging that William H. Barnes and John H. Martin, attorneys and copartners, had entered into a contract with the said defendants to act as their attorneys in a certain mining litigation between them and one Martin Costello, ·involving the title and right of possession to certain mining claims, by the terms of which said contract Barnes & Martin were to receive as compensation for their services from said defendants one-fourth of all money or property received by them as the result of said litigation or by way of settlement or compromise thereof; that Barnes & Martin had fully performed the contract on their part; that pending the litigation a compromise was effected between defendants and Costello, in pursuance of which the defendants had received a large sum of money and a considerable amount of the capital stock of a mining company; that, by reason thereof, Barnes & Martin became entitled to one-fourth of the money and stock so received by the defendants; that under the will of her deceased husband, William H. Barnes, which had been duly probated, all of his estate had been assigned and distributed to her, and that she was the assignee of all the interest of Barnes & Martin under said contract, the prayer being for an accounting by the defendants of the moneys and stocks so received by them, and that they be decreed to pay her one-fourth of the money so received and assign to her one-fourth of the stock. Pending the suit of Mrs. Barnes against said defendants ·a petition in intervention was filed by Mary E. Street, executrix of the estate of Webster Street, and J. L. B. Alexander, setting forth that during the pendency of the litigation between the defendants and Costello J. L. B. Alexander and Webster Street were attorneys practicing their profession in the city of

Phoenix; that Street & Alexander were employed by Barnes
& Martin and O'Connell, the attorneys for defendants in their
litigation with Costello, to perform certain professional ser-
vices in connection with such litigation, for which said ser-
vices the said Barnes & Martin agreed and promised the said
Street & Alexander that they would share with them the said
fee, and promised them one-third thereof—that is, that O'Con-
nell was to receive one-third, Barnes & Martin one-third, and
Street & Alexander one-third of the contingent fee of one-
fourth of the money and property received by the defendants
upon the termination of the litigation by compromise or
otherwise—and praying that O'Connell be made a party de-
fendant, that an accounting be had between all parties, and
that the interveners be decreed one-third of the money and
property constituting the contingent fee. Demurrers and
general denials to the complaint in intervention were filed by
both plaintiff and defendants. The defendants pleaded the
payment to O'Connell of $18,750, being one-fourth of the re-
covery, and the payment by him to Belle J. Barnes, executrix
of William H. Barnes, deceased, and assignee of Barnes &
Martin, of the sum of $12,500. The demurrers were over-
ruled, and this appeal is prosecuted from a judgment in
favor of interveners and against the plaintiff for the sum of
$6,250.

Appellant assigns as error the overruling of her demurrer
to the petition in intervention on the grounds that the facts
therein stated do not constitute a cause of action nor a ground
for intervention. As to the sufficiency of the allegations of
the petition to constitute a cause of action, we are of the
opinion that it sufficiently sets forth facts which indicate an
intention to make the fund a security for the debt, and brings
the pleading within the holding of the supreme court of the
United States in the cases of *Walker* v. *Brown,* 165 U. S. 654,
17 Sup. Ct. 453, 41 L. Ed. 865, and *Ingersoll* v. *Coram,* 211
U. S. 335, 29 Sup. Ct. 92, 53 L. Ed. 208.

As to the other ground of demurrer, paragraph 1278 of the
Revised Statutes of 1901 provides: "Any person who has an
interest in the subject matter of the suit, which can be affected
by the judgment, may, on leave of the court or judge, inter-
vene in such suit or proceeding at any time before the trial."

The appellant must have instituted her action upon the theory that the fee of Barnes & Martin consisted of an equitable interest in the proceeds of the compromised litigation to the extent of one-fourth of the money and property received by the defendants thereunder. Under no other theory than that of an equitable assignment might she invoke an accounting and a decree requiring the defendants to transfer and assign to her one-fourth of all the stock in said corporation received by them. The interveners filed their petition, reciting an agreement between Barnes & Martin and Street & Alexander, by the terms of which the latter, in consideration of professional services rendered in said mining litigation, were to receive one-third of the share of Barnes & Martin in the proceeds of such litigation, or any compromise thereof, whether in money or property. If Barnes & Martin were possessed of an equitable interest in a fixed portion of the proceeds of the compromise, and, by virtue of their agreement, Street & Alexander became the owners of, or entitled to, an equitable interest in Barnes & Martin's share, then clearly they were possessed of an interest in the subject matter of the action of such a direct and immediate character that "they would either gain or lose by the direct legal effect and operation of the judgment," and, under any construction which may be given the statute, were entitled to intervene.

It is urged by the appellant that the evidence fails to establish an equitable assignment of any part of Barnes & Martin's fee or share in the proceeds of the compromise. To constitute an equitable assignment good as between the assignor and assignee, it is not essential that the debt should have been earned or the fund be *in esse* at the time of the assignment, or that notice be given the present or future holder of the fund. The intent of the parties to create the lien being apparent, it is sufficient that there be a reasonable expectancy that the debt will be fully earned and the fund come into existence. *Sykes* v. *First National Bank*, 2 S. D. 242, 49 N. W. 1058; *Mitchell* v. *Winslow*, 2 Story, 630, 17 Fed. Cas. 527 (No. 9673).

Whether the agreement in this case constitutes an equitable assignment of that portion of Barnes & Martin's fee in question is dependent upon the intent of the parties as evidenced by the terms of the agreement in the light of all the

surrounding· circumstances. *Ingersoll* v. *Coram, supra.* It appears from the record that Barnes during the conduct of the litigation between his clients and Costello felt it important in the interest of his clients that a motion for a rehearing in this court should be resisted, and that if granted and judgment rendered in favor of Costello, an appeal should be taken to the United States supreme court, and that to perform such services he retained the firm of Street & Alexander. Alexander testified: ". . . Finally Judge Barnes made this expression, 'Now, I want you to attend to this case. I have to go back to New York. Now, if you will attend to this case, if you will agree to attend to this case, I will give you one-third of the fee which I have coming to me on a contingent fee from Shattuck, Hanninger & Marks. Mr. O'Connell, who is associated with me, is entitled to the other third.' . . .'' Judge Barnes, in a letter to his partner, Martin, said: "I won both Shattuck cases with jury. He says we are to have one-fourth of the ground." Alexander's testimony that "I didn't consider that the estate of Barnes owed us anything. I considered that I had an interest in this claim," taken alone and indicating the understanding of the agreement of only one of the parties to it, would have little weight, as the understanding of the other party might have been entirely different, but taken in connection with the theory upon which plaintiff instituted her action at a time when she presumably possessed some general knowledge of the contract between Barnes & Martin, to whose interest she succeeded, and the defendants, and the statement of Judge Barnes in his letter indicating an understanding that the contingent fee of Barnes & Martin gave them an interest in the proceeds of the litigation, color is given to the theory that by the words, "I will give you one-third of the · fee," it was his intention that an equitable assignment should be created rather than a personal liability.

The judgment of the trial court could only have been rendered upon the finding that the evidence showed it to have been the intent of the parties that Street & Alexander should rely on the proceeds of the litigation rather than on the personal liability of Barnes or the firm of Barnes & Martin. There being substantial evidence tending to support such finding, it must be treated as conclusive here. That the com-

pensation may have been large in proportion to the services rendered is immaterial, the parties having full knowledge of their character and relative importance.

It is urged that the admission of the testimony of Alexander to conversations with Barnes was error under the provisions of section 2536 of the Revised Statutes of 1901; but the statute in question is applicable only to actions "by or against executors, administrators or guardians in which judgment may be rendered for or against them as such," and to "all actions by or against the heirs or legal representatives of the deceased." And, as the plaintiff sued in her individual capacity, the action was not within the provisions of the statute.

Error is predicated upon the rendition of judgment against the plaintiff in favor of the interveners, upon the theory that, as interveners claimed an equitable interest in the fee or fund and did not plead payment to the plaintiff, judgment could only have been rendered against the defendants; but the defendants pleaded the payment, and, after the filing of their answer setting up such payment, the plaintiff moved to dismiss as to the defendants. The motion was taken under advisement by the court, and, in effect, granted by the final judgment rendered. The plaintiff did not deny that payment had been made as pleaded by defendants after suit was brought, and by the motion in effect admitted the truth of such averment and consequently judgment was properly rendered against the holder of the fund.

The exclusion of a copy of the telegram sent by Martin to Barnes is assigned as error, but no foundation was laid for the introduction of secondary evidence, and the rule that permits evidence of the understanding of the parties to an oral agreement of its effect does not extend to a party to an oral contract who was not present, and did not in any way participate in the making of such contract. The excluded testimony as to statements of Costello and his attorneys respecting the appeal to the United States supreme court in the "Triangle" case could, from no point of view, have been competent, and, if competent, could not have affected the result.

No reversible error appearing, the judgment of the district court is affirmed.

KENT, C. J., and CAMPBELL and LEWIS, JJ., concur.