No. 10,782.

PETERSON v. MARPLE.

Decided May 5, 1924.

Garnishment proceedings under execution. Findings and judgment for garnishee.

*Affirmed.*

1. ASSIGNMENT—*Equitable.* In garnishment proceedings, a letter from the judgment debtor to the garnishee concerning the fund in controversy, held to constitute an equitable assignment of a part of the fund, which took effect as soon as the money was received by the garnishee.

2. ESTOPPEL—*Garnishment.* In garnishment proceedings, where a

judgment creditor sought to obtain the application of a specific fund in the hands of the garnishee in partial payment of her judgment, the garnishee claiming part of the fund for the payment of a note in his hands as agent of a banking institution, it is held under the facts disclosed that the creditor was estopped from asserting any right to that portion of the fund used in payment of the note.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. OTTO FRIEDRICHS, for plaintiff in error.

Messrs. FILLIUS, FILLIUS & WINTERS, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

OLGA PETERSON, plaintiff in error and plaintiff below, had a money judgment against one Vanderlip on which she sued out a writ of execution and procured a summons in garnishment which was addressed to, and served upon, Mr. Marple as garnishee. The garnishee answered that he was indebted to Vanderlip in the sum of $249.50. Plaintiff traversed the garnishee's answer and alleged that the garnishee's indebtedness was not limited to the sum of $249.50 but it was $327.50. The findings and judgment were in favor of the garnishee. The controversy is only as to the $78.00, the difference between the sum claimed by the plaintiff, and the amount which the garnishee admitted to be due. The material facts are that Vanderlip, the judgment debtor, wrote a letter to Mr. Marple, thus addressed: "Mr. Verne Marple, Note Department, The American Bank & Trust Company." In the letter was a bill of sale which the writer Vanderlip instructed Marple to deliver to the attorney of the plaintiff Peterson upon the payment of $327.50. The writer directed Marple to deposit this amount when paid with the American Bank & Trust Company to his credit for the purpose of taking care

of bills of some company that he was interested in, contracted for advertising and other purposes, and added: "My note at your bank is to be paid out of this deposit since it was used entirely to pay for advertising matter." After stating that Marple would confer a favor by personally handling this matter for him, and that the money, if received from Friedrichs, was to be used in payment of debts of his company, the writer thus concluded: "Trusting that you can handle this matter for me without seriously inconveniencing yourself and that we may take up this note at your bank immediately, I am, Respectfully," etc.

Acting upon the instructions contained in the letter Marple delivered the bill of sale and perhaps other papers to Mr. Friedrichs, the attorney for Mrs. Peterson, and received the sum of $327.50. At the time Marple was in the note cage of the bank and Friedrichs was on the outside. Friedrichs then asked if Marple was representing Vanderlip and not the bank in the transaction, and he answered that he was and thereupon the garnishment summons was served upon Marple. At that time Vanderlip owed the bank $75.00 and accumulated interest amounting to $78.00 on an overdue note. A few days before, on two different occasions before service of the garnishment writ, Marple and Friedrichs, the plaintiff's attorney, had a conversation in which Marple said that Vanderlip owed this note and that he intended to pay it out of the money when Friedrichs gave it to him. Friedrichs did not expressly assent thereto but said he would see about it, but he did not then or thereafter offer or indicate any objection on his part to the payment of the bank note by Marple out of the money in the latter's possession when it was received by him.

The plaintiff in error's contentions are that Vanderlip's letter of instructions to Marple does not constitute an equitable assignment to the bank, and, therefore, as the service of the garnishment writ, which was made before Marple, as the note clerk or manager of the note department, actually deposited the amount of the note with the

bank and took up the note, Marple as the garnishee is bound to respond for the additional sum of $78.00 to the command of the writ. We think it would not be difficult, if it was necessary, to spell out of the letter, taken as a whole, an equitable assignment of a portion of the fund which Marple, as the agent of Vanderlip, received and that this assignment took effect and attached as soon as the money was received by Marple, which was before the garnishment summons was served. *Central Natl. Bank of Pueblo v. Spratlen,* 7 Colo. App. 430, 43 Pac. 1048; Pomeroy's Eq. Jur. (3d Ed.) Vol. 3, § 1280; *Barnes v. Shattuck,* 13 Ariz. 338, 114 Pac. 952; *Silent Friend Min. Co. v. Abbot,* 7 Colo. App. 73, 42 Pac. 318; *Christmas v. Russell,* 14 Wall. 69, 20 L. Ed. 762; *Trist v. Child,* 21 Wall. 441, 22 L. Ed. 623; *McDaniel v. Maxwell,* 21 Ore. 202, 27 Pac. 952, 28 Am. St. Rep. 740.

But it is not necessary to base our conclusion to affirm the judgment upon an equitable assignment. The district court, upon the evidence before it, which is not in serious conflict, but if it was, under the prevailing rule in this jurisdiction we would be bound by the finding, held that, taking the letter and the conversations between Marple and the plaintiff's attorney together, the plaintiff is equitably estopped to deny that Marple was not authorized to apply the $78.00 of Vanderlip's money to the payment of the overdue note of the bank and which Marple, as the manager or head of the note department, had under his charge. Our reading of the record satisfies us that this finding is supported by sufficient legal evidence. The concluding part of the letter of Vanderlip to Marple expressing the hope that "we may take up this note at your bank immediately," in connection with the other directions in the letter, supplemented by what the court found to be the assent of the plaintiff's attorney, who was representing his client, would make it grossly inequitable now to compel Marple, who acted to his injury upon the strength and the faith of the conversation that he had with the plaintiff's attorney, to pay over under the writ the amount of money which, in

good faith, and acting as he believed in accordance with the consent of the plaintiff, he paid to the bank on the overdue note.

In view of our conclusion it is not necessary to consider the decisions cited by the plaintiff in error. We have not overlooked them, and lest our silence, as stated, might be misinterpreted we say their facts are so materially different from the facts in this record that they could not, in any event, control our decision, even if the equitable estoppel pleaded was not sustained.

The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.