PARAMOUNT INSURANCE CO., INC., et al. *v.* PARKER, et al.

No. 41182          June 1, 1959          112 So. 2d 560

*William R. Bradley,* Clarksdale, for appellant.

*Semmes Luckett,* Clarksdale, for appellees.

874

ARRINGTON, J.

The appellants, Paramount Insurance Company, Inc., The American Central Insurance Company, Inc., and the Hartford Fire Insurance Company, Inc., filed bill of complaint in the Chancery Court of Tunica County against Jay L. Parker, Dutch Clovis Parker, James W. Graves and the Connecticut General Life Insurance Company. From an adverse decree, the appellants appeal.

The record reflects that the appellees, Jay L. Parker and D. C. Parker, were the lessees of a plantation in Tunica County belonging to James W. Graves, a resident of Rector, Arkansas. On October 24, 1956, a barn on the plantation admittedly worth more than $1,000 was completely destroyed by fire. Graves was insured by the appellants to the extent of $1,000 against loss by fire. On September 14, 1957, each of the appellants paid Graves $333.33, and received from him what is termed a subrogation receipt, which assigns to appellants the claim of Graves against any parties legally responsible for burning said barn to the extent of $1,000. It further provided that appellants could not sue in the name of Graves.

The appellants alleged in their bill that the appellees negligently set fire to a bean field on the property of Graves, and negligently permitted it to spread to and destroy the barn. The appellees, the Parkers, answered and admitted the destruction of the barn but denied that it was either negligently set or permitted to spread through their negligence. Graves, the nonresident, was summoned by publication and did not appear in the case. The appellants prayed for judgment against the appellees in the amount of $1,000 and for determination and settlement of the rights of Graves against appellees.

The appellees filed a plea in abatement, which was sustained on the following grounds: (1) The complaint shows on its face that defendant James W. Graves is the owner of a portion of the substantive rights against any wrongdoer who may have caused the destruction of said barn by fire; (2) defendant James W. Graves is a nonresident of the State of Mississippi and the processes of the court have not been served on him personally; (3) this court has no jurisdiction over any claim which defendant James W. Graves may have against these defendants on account of the destruction of said barn, and no authority to adjudicate with re-

spect thereto; (4) complainants are assignees of but a part of said claim and Jay L. Parker and Dutch Clovis Parker have not consented to a partial assignment of said claim; and (5) this court has no jurisdiction to settle and determine all of the rights and obligations of the several parties growing out of the destruction of said barn.

The appellants contend that the court erred in sustaining the plea in abatement. The appellees argue that a single and entire cause of action ex delicto cannot be divided into distinct demands and made the subject of separate suits, and that the appellants have only a partial assignment which cannot be enforced for the reason that the destruction of the barn is a single cause of action and must be disposed of in a single suit.

''The common-law rule that the assignee of a chose in action may use the name of the assignor in an action at law to recover the amount is confined to cases where the whole of an entire demand is assigned to one person or party. Partial assignments were never recognized by the common-law courts, which hold that an entire debt cannot be divided into parts by the creditor without the consent of the debtor. It is not wholly a question of procedure, although the common-law procedure is not adapted to determining the rights of different claimants to parts of a fund or debt. The courts of equity have, however, gone further, and have held that an assignment of a part of a fund or debt may be enforced in equity by a bill brought by the assignee against the debtor and assignor while the debt remains unpaid. In the Code states where procedural distinctions between law and equity have been abolished, and where legal and equitable remedies are secured by the same form of action, it is generally conceded that if part of an obligation or demand has been assigned, the assignee can maintain an action to recover his share by joining the assignor as plaintiff, or, if he will not join, by making him a defendant, so

that the whole controversy may be settled in one suit.''
4 Am. Jur., Assignments, Section 124.

''At common law an assignee had to bring suit in the
name of his assignor for his own use; he could not sue
in his own name. In equity, however, the assignee sued
in his own name, and it is now the rule in most jurisdic-
tions, by virtue either of express statutory authorization
or of the real party in interest statutes, that suits upon
assigned claims, assuming that the claim is one that is
legally assignable, may be brought by the assignee in
his own name. Under these Code provisions the as-
signor is not a necessary party to a suit by the assignee
on the obligation assigned, if the assignment is of the
entire claim. When, however, an assignee of a chose in
action files his bill in equity against the debtor to en-
force the demand assigned to him, he should make the
assignor a party, on the general rule that all persons
having an interest, legal or equitable, should be made
parties to the proceeding. Moreover, where there has
been a partial assignment leaving the assignor owner of
a part of the claim, or where different parts of the claim
have been assigned to different persons, an assignee,
in bringing suit, should join either as plaintiffs or de-
fendants all the parties in interest, so that the entire
matter may be settled at one time, and a single decree
may determine the duty of the debtor to each claimant,
and protect the rights and interests of each party.''
Ibid., Section 125.

It may be pointed out that the appellee cites Grif-
fith's Mississippi Chancery Practice, Section 239, which
provides that there cannot be a personal decree on sum-
mons by publication, but in the instant case the res being
before the court, the court had jurisdiction. Appellants
do not seek any personal decree against Graves.

In the case of McDaniel v. Maxwell, 21 Ore. 202, 27
P. 952, 28 Am. St. Rep. 740, the Court held: ''It is uni-
versally recognized that at law a part only of an entire

demand cannot be assigned so as to enable the assignee to bring an action upon it without the consent of the debtor, for the sufficient reason that it would subject the debtor to a multiplicity of actions at the instance of each assignee of a separate portion of the debt, and thereby subject him to many embarrassments and responsibilities not contemplated in his original contract. He has a right to stand upon the singleness of his contract, and decline to recognize any assignments by which it may be separated into distinct portions. When he undertakes to pay an entire sum to his creditor, it is no part of his contract that he shall pay it in fractions to other parties. His obligation is single, and he should not be harassed with different actions to recover parts of the one demand. In equity no such consequences could result. If parts of a single demand be assigned to different persons, the rights of all the assignees can be settled in one suit. In a suit by one assignee, not only the debtor and assignor, but all other assignees or claimants to any part of the fund, can be made parties to the suit, so that one decree may determine the duty of the debtor to each claimant, and his rights and interests be fully protected; and hence the reason for the rule at law does not exist in equity. Where one has agreed, for a valuable consideration, that another shall have part of a debt or demand due him from a third person, and has made a transfer of such part, manifest justice requires that the agreement should be enforced, when it can be done without prejudice to the debtor.''

We are the opinion that the learned chancellor was in error in sustaining the plea in abatement, and the cause is, therefore, reversed and remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Lee, Kyle* and *Gillespie, JJ.,* concur.