Jackson, J.,
delivered the opinion of the Court.
It has not been pretended that any notice was given by the defendants, of their appointment as executors, in the manner provided by the statute; and of course they cannot avail themselves of the limitation which that statute prescribes.
As to the main question in this case, it has been long settled in our courts that a surety, who has paid the debt of the principal, may have an action for contribution against his co-surety ; and the common form of the action here, as well as in the English courts, has been indebitatus assumpsit for money paid by the plaintiff for the use of the defendant, 2 B. & P. 268, Cowell, Adm., vs. Edwards. It is true that, in the case of Deering vs. The Earl of Winchelsea & Al., 2 B. & P. 270, it is said that this right of contribution is not founded on contract, but on “ a fixed principle of justice ; ” and it is likened to the case of contribution to a general average, when part of a cargo is thrown overboard at sea to save the residue ; in which case it is said, “ There is no contract express or implied, nor any privity in an ordinary sense.” But it has been deliberately decided in Birkley & Al. vs. Presgrave, 1 East, 220, that assumpsit will lie for contribution in this latter case; and every reason there given applies with equal force in support of the action of assumpsit by one co-surety against another. Accordingly, in the case before cited of Cowell vs. Edwards, the court seem to think it settled, that assumpsit will lie for the co-surety in such a case ; and, as was before observed, the action in that form has [ * 469 ] been uniformly maintained in our * courts. Indeed, it is difficult to conceive of a right in one party founded on “ the fixed principles of justice,” and recognized by the law of the land, which does not involve a corresponding obligation on the *381 other party ; and a legal obligation is a sufficient ground of an implied promise. We are, therefore, satisfied, both on principle and authority, that assumpsit will lie on an implied promise by one surety, to contribute towards indemnifying another.
But there is a technical objection, in the present case, to the usual form of declaring; inasmuch as the plaintiff cannot allege that he paid the money for the use of the co-surety after the death of the latter; and if he alleges that he paid it for the use of the defendants as executors, it would be to charge the defendants in their own right, which cannot be done.
This objection is answered by the general principle, which is universally recognized; and which was applied in the case before cited from 1 East, 220, that when the law confers a right, it will also confer a remedy. That case also furnishes an authority, if any were wanted, as to the form of declaring. The declaration there contained the usual money counts; but it also contained a special count, setting forth all the facts on which the implied promise of the defendant was founded; and that count is particularly noticed by the Court, as exhibiting the grounds and nature of the action.
The actions of assumpsit in most common use seem to have acquired, in some measure, the character of the ancient-formed actions of the common law; but they are still only actions on the case, in which the plaintiff, whenever he finds it necessary or useful, may set out his whole case; and if that shows a valid legal promise by the defendant, whether express or implied, it is sufficient. Now, it is obvious that the same facts, which, when proved on a trial, would support the common count for money paid by the plaintiff, would have the like effect when disclosed in a declaration, and proved in like manner.
*This is not displaying the evidence, from which facts [ * 470 ] are to be inferred; as is sometimes done in declarations and other pleadings inartificially drawn ; but it is stating the facts, from which, if proved or admitted, the Court will draw the legal inference. And although a more compendious form of declaration is allowed, and is generally the most convenient, yet this does not preclude the plaintiff from stating his case more at large, when he shall find it necessary.
We are, therefore, satisfied that the plaintiff may recover in this case on a special count, setting forth all the material facts, and alleging the liability of his co-surety, and his promise, accordingly, to pay to the plaintiff one moiety of what he should be compelled to pay for the principal. It is not usual, on an agreed statement of facts, to examine the form of the declaration very critically ; and we have not done it in this case. The facts stated exhibit a suffi *382 cient ground of action, and the declaration may be made conformable to them, if it is not already so.
As to the assignment of property, from the principal to the plaintiff, for the purpose of indemnifying him, his co-surety would have had reason to complain, if he had not done it when in his power. That assignment enures to the benefit of both the sureties; and if the plaintiff has received any money from that source, it must be deducted from the amount he has paid ; and the defendants will be liable for half the balance only. If the plaintiff, after recovering what he is entitled to in this action, should receive any further payment from the principal, either out of the property so assigned, or in any other way, he must account with the defendants for a moiety of it.