## ISAAC H. STANWOOD *vs.* RICHARD CLAMPITT.

The statute of this state gives an administrator or executor a mortgage on lands and slaves purchased at a sale of the property of decedent, and a surety upon a note given to an administrator will be subrogated to the rights of the administrator in his statutory mortgage, to satisfy the amount he has paid as surety.

The mortgage executed by Mrs. D. to complainant and B. only conveyed to them such an interest as she had in the property, and the notes to S., the administrator, being due, she only conveyed by the mortgage her equity of redemption; and this right the claimant purchased at the mortgage sale.

If complainant insists on C., his co-surety, contributing to him any part of the surety money which he has paid as surety, he must at the same time permit his co-surety to be subrogated to the rights he acquired from the administrator, or to the administrator's rights before payment.

In error from the southern district vice-chancery court at Natchez; Hon. James Smiley, vice-chancellor.

The facts of the case are contained in the opinion of the court.

*Simrall*, for plaintiff in error.

*Stamps*, for defendant in error.

Stanwood *v.* Clampitt.

Mr. Justice FISHER delivered the opinion of the court.

It is not necessary to decide this case upon the facts urged by counsel, or to make a full statement of the case made by the pleadings of the parties or the proof in the cause.

The bill alleges, that the defendant executed to the complainant a promissory note on the 27th of March, 1845, and some time thereafter executed a deed of trust upon a certain tract of land and a slave, to secure the payment of the note. The proof in the cause shows that some time about the year 1842, Nathaniel Scudder, as administrator on the estate of Arthur Daniels, deceased, in the county of Wilkinson, sold a certain tract of land, on which was a tan-yard, &c., and also certain slaves of the intestate; that all of said property was purchased by Elizabeth Daniels, the widow of the deceased, on a credit of one and two years, at the sum of about $5000; that she gave her notes with Richard Clampitt, the defendant, as her security; that some time thereafter, the complainant and his copartner, Bulkley, also became sureties on said notes, and that the said Elizabeth gave the two last named sureties a mortgage on the same property, which she had purchased from the administrator; that the property, about May, 1844, was sold under said mortgage, and purchased by the complainant at the sum of $4400, the amount then alleged to be due to the administrator on the notes given for said property.

It is insisted, that the note now in controversy was given to the complainant to reimburse him, to the amount of one half of the money which it is alleged he paid as security on the notes given by Elizabeth Daniels. Indeed, this is the proof in the case by Bulkley and other witnesses.

This statement of the case is sufficient to present the only question important to be decided. The statute gave the administrator a mortgage on the land and slaves purchased by Elizabeth Daniels. A surety, upon paying the notes, would be subrogated to the rights of the administrator in this mortgage. Leaving out of view the mortgage executed by Elizabeth Daniels to the complainant for the present, it is clear that complainant upon payment of the notes held by Scudder,

could file his bill, and be reimbursed out of the property sold by the administrator, and it is equally clear that the defendant in this suit, upon paying the note given to the complainant to satisfy him, to the amount of one half of the money which he alleges he paid as security, could file his bill against the complainant, who is in possession of the property, and subject one half of it by virtue of the statutory mortgage in favor of the administrator, to satisfy the amount paid as a security. The question, therefore, presents itself, What benefit can accrue to the complainant by collecting the note from the defendant? The moment a payment is made by the defendant as a surety of Elizabeth Daniels, his right to be subrogated to the rights of Scudder, under the statutory mortgage, is complete. The proof shows that the note was given to the complainant for one half of the amount paid by him as a surety.

The mortgage executed by Elizabeth Daniels to the complainant and Bulkley, only conveyed to them such interest as she then had in the property. The notes to Scudder were at the time due; she, therefore, only conveyed by the mortgage her equity of redemption. This right the complainant purchased at the sale under the mortgage, in 1844. Upon payment of the notes however, to the administrator, as between himself and Scudder, he extinguished the statutory mortgage. But if he insist on his co-surety Clampitt's contributing to him any part of the money, which he paid as a surety, he must at the same time permit the co-surety to be subrogated to the rights he acquired from the administrator, or to the administrator's rights before payment.

It is shown that the property is worth greatly more than double the amount of the note given by defendant, and that the complainant has been in possession since 1844, under his purchase, and for these reasons we think he is not entitled to recover the note or to proceed under the deed of trust. Indeed, we cannot grant the relief sought by the bill, without giving to the defendant the amount of his note, or a right to resort to the property already named; and if the defendant were to pay the note, he would instantly acquire a right against the mortgaged property, to be reimbursed.

The decree of the chancellor will therefore be affirmed, complainant to pay costs.

SMITH, C. J., having been of counsel in this case, gave no opinion.