JOSEPH A. LABBE *vs.* ISAAC R. BERNARD & another.

Bristol.    October 28, 1907. — November 26, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Equity Jurisdiction*, Contribution, Subrogation.    *Surety.*

Where one, contracting in writing to do certain work, gives a bond with sureties for the performance of his agreement and, during the progress of the work, borrows money from one of the sureties and assigns the contract to him as security, and then abandons the work, that surety, after having completed the work and having received from the other party to the contract the contract price therefor, cannot by a bill in equity compel his co-surety to contribute his *pro rata* share of the entire expense of completing the contract, but such co-surety need contribute only a share of the amount which such entire expense exceeds the sum paid by the other party to the contract to the surety who completed it.

BILL IN EQUITY by a surety against his co-sureties for contribution, filed in the Superior Court for the county of Bristol August 14, 1907.

A demurrer to the bill was sustained by *White*, J., and the plaintiff appealed. The material allegations in the bill are stated in the opinion.

*H. A. Dubuque*, for the plaintiff.

*C. R. Cummings*, (*J. W. Cummings* with him,) for the defendants.

SHELDON, J. The plaintiff and the defendants were co-sureties upon a bond given by one Rodgers, for the performance of an agreement made by him to grade some land for a third party for a fixed price. Rodgers entered upon the performance of the contract and completed a little more than one half of the work, received a part of the agreed price, and then abandoned the contract and absconded. Thereupon the plaintiff as one of the sure-

ties of Rodgers finished the work, at an expense of more than $800, and either received or became entitled to receive from the third party a sum slightly above this, being the balance of the contract price over what had been paid to Rodgers. The plaintiff now seeks by his bill to compel the defendants to contribute ratably to the amount thus paid by him to complete the work called for by the contract, without giving any credit for the amount which he received for doing it.

If these were all the facts, it is sufficiently manifest that the bill could not be maintained. When the sureties should be called upon to make good the default of Rodgers and should complete the work which he ought to have done, they would become subrogated to all his rights under the contract and entitled to receive whatever part of the contract price had not been paid to him. And the plaintiff, having alone completed the work and received what remained due of the contract price, might indeed charge against his co-sureties, ratably with himself, the cost of completing the work, but he must give like credit for the amount which he received therefor. Whatever he received by reason of his suretyship, whatever security or advantage he derived from the work done in consequence of his suretyship upon this obligation, he must apply to the relief of his co-sureties as well as to his own relief. *New Bedford Institution for Savings* v. *Hathaway*, 134 Mass. 69, 75. *Kelly* v. *Page*, 7 Gray, 213, 214. *Bachelder* v. *Fiske*, 17 Mass. 463. *Owen* v. *McGehee*, 61 Ala. 440. *Stanwood* v. *Clampitt*, 23 Miss. 372. *In re Arcedeckne*, 24 Ch. D. 709. *Steel* v. *Dixon*, 17 Ch. D. 825.

But the plaintiff's bill avers also that after Rodgers had begun the work and before he abandoned it, he borrowed money of the plaintiff to enable him to carry it on, and as security therefor assigned to the plaintiff all his claims and demands under the contract. And the plaintiff claims that, while he completed the work as a surety and so is entitled to call upon his co-sureties to share the expense thus incurred, he was entitled to the price received therefor as assignee of Rodgers, and so need not bring this into the account for the benefit of the defendants. In our opinion this contention cannot be maintained.

While it is true that the rights of the sureties to the remedies

of the principal do not become complete and are incapable of present enforcement until they shall have discharged their principal's obligation, yet their right becomes an inchoate one as soon as they have entered into the relation of suretyship; and their equitable assignment of their principal's rights and remedies, when completed by their performance of his obligation, relates back, as against each other and their principal, to that earlier time. *Rice* v. *Southgate,* 16 Gray, 142. *Lewis* v. *Faber,* 65. Ala. 460  *Wood* v. *Lake,* 62 Ala. 489.  *Conner* v. *Howe,* 35 Minn. 518. *McArthur* v. *Martin,* 23 Minn. 74.  *Forbes* v. *Jackson,* 19 Ch. D. 615.  And all persons who have in the meantime received any securities or payments from either party to the principal contract, with notice of the facts and of the surety's responsibilities and consequent rights, must in equity hold them for his benefit.  *Norton* v. *Soule,* 2 Greenl. 341. *Atwood* v. *Vincent,* 17 Conn. 575.  *Greene* v. *Ferrie,* 1 Desaus. Eq. 164.  *Drew* v. *Lockett,* 32 Beav. 499.  The plaintiff being himself one of the sureties and having full knowledge of all the facts it is unnecessary to consider what would have been his rights, if he had taken his assignment without notice of the equitable rights of his co-sureties.

Exactly the doctrine here stated was declared under a very similar state of facts by the Supreme Court of the United States in *Prairie State National Bank* v. *United States,* 164 U. S. 227, and by the Circuit Court of Appeals in *First National Bank* v. *City Trust Co.* 52 C. C. A. 313, in each of which cases the contest was between the original sureties upon a building contract and a subsequent assignee from the contractor.  It was enforced against the trustee in bankruptcy of the contractor in favor of his sureties on the original contract in *Reid* v. *Pauly,* 58 C. C. A. 152.  The dissenting opinion of McKenna, circuit judge, in *First National Bank* v. *City Trust Co., ubi supra,* and the decision in *Dowling* v. *Seattle,* 22 Wash. 592, which are the strongest utterances we find against the full extent of the doctrine stated, recognize the right of the sureties of the contractor, as against his assignee in such a case, to hold all the money which has been earned after they have undertaken the work which the contractor has abandoned, and accordingly do not help the plaintiff here.  The cases which the plaintiff has cited

in support of the well recognized doctrine that a surety who has received from the principal debtor security originally given for another debt due to himself alone, as well as to protect the principal obligation, may apply such security for his own protection wholly, are not applicable and need not be considered.

The case may be stated more succinctly, but with sufficient fulness, in another way. If, as the plaintiff claims in his bill, he completed the work as a surety of the original contractor, he must be held to have received the compensation in the same character; if, as he has argued to us, he received the compensation as assignee of the contractor, then he cannot claim against the defendants to have done the work as a surety. In neither event has he sustained any loss to which he can require his co-sureties to contribute.

The decree of the Superior Court sustaining the demurrer and dismissing the bill with costs must be affirmed; and it is

*So ordered.*