# Central Trust & Savings Co. *v.* Henry Kraan Furniture Co., Appellant.

*Contract — Building contract — Builders bond — Insurance of mortgagees.*

Where a trust company has insured owners and mortgagees against loss by reason of noncompletion of a building operation,

and has taken from a subcontractor a bond conditioned to indemnify and keep the company harmless from all loss by reason of the subcontractor's failure to perform its contract with the builder, the trust company, upon default by the subcontractor, may expend such sum as is necessary to complete the contract, and then sue on the bond to recover the amount expended. In such a case it is not necessary to enforce recoupment from the obligor in the bond, that the trust company shall await a sale of either the premises in their uncompleted condition or the mortgages as depreciated in value, in order to ascertain the amount of the loss.

*Practice, C. P.—Demurrer to statement—Reversal of judgment.*

Where a statement of claim is demurred to, and the demurrer overruled and thereafter, without the record showing any joinder in demurrer, the appellate court reverses the judgment for plaintiff, and remits the record to the court below with a direction to enter the order: "Demurrer sustained and a procedendo is awarded," the lower court after the remittitur has been returned, commits no error in refusing to enter judgment for the defendant in sustaining the demurrer and in permitting leave to the plaintiff to file an amended statement.

Argued Nov. 1, 1916. Appeal, No. 198, Oct. T., 1916, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1912, No. 4700, overruling demurrer in case of Central Trust & Savings Co. v. Henry Kraan Furniture Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a bond of indemnity.

Demurrer to statement. For the facts see 57 Pa. Superior Ct. 221, and the opinion of the Superior Court infra.

After the case was remitted from the Superior Court on the first appeal various proceedings were had and BREGY, P. J., filed the following opinion:

The statement of claim filed in this case was demurred to.

After argument this court overruled the demurrer and entered judgment for the plaintiff.

On appeal the Superior Court decided that we were in error in holding the statement to be good.

The opinion of the Superior Court concludes with these words: "The judgment is reversed and set aside and the record remitted to the court below with direction to enter the order; demurrer sustained and a procedendo is awarded."

The Superior Court declared that it could not enter a judgment for the defendant on the demurrer, because there was no joinder in demurrer, so, of course, it was not the intention of the appellate court to direct us to do so.

In directing an order of "demurrer sustained" they have recognized that there is a distinction between such an entry and a judgment.

The logic of the opinion is that where there is a "joinder in demurrer" a judgment can be entered but where there is no joinder it cannot be.

On the return of the record from the Superior Court it became our duty to enter the order "demurrer sustained," and we accordingly now make such an order. The effect of this is to declare that the statement of claim is defective and if that had been our original entry, we would have added to it the words, "with leave to file an amended statement," and we see no reason why we should not do so now. In fact, the words "and a procedendo is awarded," would seem to indicate that the case should so proceed. Since the opinion of the Superior Court was filed, the plaintiff filed (without leave of court) a new statement of claim and later on took a rule to file a statement nunc pro tunc and the defendant took a rule on plaintiff to file a joinder in demurrer.

These rules were taken one day apart. Plaintiff's rule to file statement nunc pro tunc was filed December 21, 1915, and defendant's rule to file joinder in demurrer on December 22, 1915. This race for position is without effect.

The statement filed without leave of court should be stricken off and we so order.

As we have indicated we intend to make an entry that

342 CENTRAL TR. & S. CO. *v.* KRAAN F. CO., Appellant.

Opinion of Court below—Assignment of Error. [65 Pa. Superior Ct.
will give the plaintiff leave to file an amended statement so the rule he has taken to make that privilege date back to filing of the unauthorized statement is not necessary and we decline to grant it.

The defendant's rule to require plaintiff to join in the demurrer so that we can enter a judgment for him, seeks to put the record in such a shape that a judgment could be entered, but it is not our desire to enter any such judgment and we decline to do what the rule asks for. The order of the court in the premises is as follows:

Now, February 11, 1916, the judgment of this court following the direction of the Superior Court, is that the demurrer is sustained and we grant leave to plaintiff to file an amended statement of claim in fifteen days.

The rule of December 21, 1915, for leave to file statement n. p. t. is discharged. The rule of December 22, 1915, to file joinder is discharged and the statement of claim filed without leave of court on November 19, 1915, is stricken from the record.

Counsel for both parties afterwards agreed with the court's approval that the second statement filed, should be marked "Filed as of February 15, 1916." Defendant then filed an affidavit of defense in the nature of a demurrer to the amended statement. A joinder in demurrer was filed by the plaintiff. After argument the court entered the following final judgment: "Demurrer overruled and judgment is entered for plaintiff." In entering this judgment the court said: "The plaintiff having stated in its statement of claim that the value of the mortgages which it had insured had depreciated in value by reason of defendant's default and in an amount at least as great as the cost of completing the work agreed to be performed and materials delivered by the defendant and which plaintiff was obliged to complete and the cost of doing is subject to be reached in this suit."

*Error assigned* was the final order of the court.

*J. Quincy Hunsicker, Jr.,* for appellant.—The indemnity is against loss upon policies: Wheeler v. Equitable Trust Co., 206 Pa. 428; Brown v. Broadhead, 3 Whart. 89.

There was no actual loss within the meaning of the bond: Weightman v. Union Trust Co., 208 Pa. 449.

Judgment for defendant should have been entered: Wood v. Anderson, 25 Pa. 407; Plunkett v. Hamnett, 51 Pa. Superior Ct. 98.

*Edward Hopkinson, Jr.,* with him *Dickson, Beitler & McCouch,* for appellee, cited: German-American T. & T. Co. v. Citizens Trust & Surety Co., 190 Pa. 247.

Opinion by Kephart, J., December 18, 1916:

To supply the deficiencies in the plaintiff's statement as pointed out by this court: 57 Pa. Superior Ct. 221, an amended statement was filed. It exhibited the policies of insurance and averred that the premises uncompleted were not worth the amount of the second mortgages and that the mortgages insured depreciated in value by reason of such noncompletion, each in an amount equal to the cost of completing the work according to the contract. Keeping in mind that the bond here sued on was to indemnify the plaintiff against loss under the policies, the plaintiff was presently answerable under its policies when it ascertained that it was subject to a legal liability by reason of the depreciation in value of the property covered by these mortgages, which depreciation was caused by the failure of the contractor, the principal, to complete the contract and such depreciation or liability was measured by a sum sufficient to complete the buildings according to the contract. It was not necessary in order to enforce recoupment from the defendant that the plaintiff should await a sale of either the premises in their uncompleted condition or the mortgages as depreciated in value in order to ascertain the amount of the loss. When the plaintiff's legal liability was thus es-

tablished this loss was an ascertainable sum that might have been paid directly to the mortgagees by virtue of the policies or it might have been and more properly was expended on the subject-matter of the insurance by bringing the property from the uncompleted condition in which it was left by the contractor up to the point of completion required by the contract and the terms of the insurance policy. It was for the faithful performance of the contractor's acts that this surety obligated himself. When the money was thus expended, it became none the less an actual loss sustained by the plaintiff on the policies issued and was embraced within the intent and purpose of the bond. No better rule to fix the measure of the plaintiff's loss was offered, suggested or known of. It was limited to actual loss in the value of the mortgages not exceeding the amount of the insurance measured by the actual cost necessary to place the property in the condition that it was required to be placed in under the contract. See The German-American Title & Trust Co. v. The Citizens Trust & Surety Co., 190 Pa. 247. We think all the policies attached in the plaintiff's statement were embraced within the terms of the bond and from what we have already said, it was not necessary for the plaintiff to await enforcement of liability according to the conditions in these policies. The entry of judgment on the answer in the nature of a demurrer after joinder filed was proper. The court did not commit error in refusing to enter judgment for the defendant when the remittitur was returned with a procedendo. The trial court was within its undoubted right in allowing time to file an amended statement: Plunkett v. Hamnett, 51 Pa. Superior Ct. 98. There was no joinder in the demurrer when the case was here before. That difficulty being now eliminated, the judgment of the court below on the demurrer, is affirmed.