Argued September 19, reversed with directions October 15, 1918.

## ASHLEY & RUMELIN *v.* CITY OF PORTLAND.

(175 Pac. 447.)

**Setoff and Counterclaim—Against Assigned Cause of Action.**

1. Plaintiff corporation, which secured assignment of sums due assignor under his contract with defendant city for hauling wood, was in no better position than assignor, and defendant could counterclaim for sums collected for the city by assignor for wood sold by him, although defendant had exacted a bond from him in view of section 28, L. O. L.

[As to scope and office of counterclaim under the Code, see note in 89 Am. Dec. 482.]

From Multnomah: WILLIAM N. GATENS, Judge.

Department 1.

The substance of the complaint is that one Hart had a contract with the defendant city for hauling wood, upon which there became due to him in various sums during the month of March, 1916, the aggregate sum of $1,465, which chose in action he had assigned to the plaintiff upon which the city has paid $968, leaving a balance due in the sum of $497; also, that under the same contract during the month of April of that year

Hart had earned $735, no part of which has been paid, and that Hart also assigned that claim to the plaintiff.

After sundry denials, the city alleges that Hart earned during the month of March various amounts aggregating $1,599.97, all of which it had paid to the plaintiff as his assignee; that during April he earned $187.30, which was paid to the plaintiff, and besides that, $735.90, but that prior to that month Hart had become and then was indebted to the defendant for money which he had collected for the city and had not paid, and for wood belonging to the city which he had converted to his own use, all in the sum of $779.52; and, lastly, that the New Amsterdam Casualty Company as surety for Hart upon the bond which he executed and delivered to the defendant conditioned for a faithful performance of the contract, assumed the performance thereof on Hart's failure, and thereafter completed it with his consent, being thereby subrogated to his rights and assuming all his liabilities, and that the defendant has settled with the Surety Company for all matters, obligations and rights arising under the contract.

The new matter of the answer is denied by the reply, except that the plaintiff charges that some of the payments which the defendant applies to the March earnings were really for February services of Hart.

The court made findings of fact to the purport that during March and April Hart had earned under the contract $2,041.16, all of which had been paid by the city to the plaintiff as his assignee, except $735.90, for which as a conclusion of law the court found that the plaintiff was entitled to judgment against the defendant. Contending that there is no evidence to justify this result, the defendant appeals.

REVERSED WITH DIRECTIONS.

For appellant there was a brief over the names of *Mr. Walter P. La Roche,* City Attorney, *Mr. Lyman E. Latourette,* Deputy City Attorney, and *Mr. Stanley Myers,* Deputy City Attorney, with an oral argument by *Mr. Latourette.*

For respondent there was a brief and an oral argument by *Mr. Walter S. Hufford.*

BURNETT, J.—1. Without dispute, the testimony discloses that Hart assigned to the plaintiff all his March earnings, amounting to $1,613.97, and that the city paid to the plaintiff that sum of money. It is uncontroverted, also, that during the month of April he earned $187.30, which the city paid to the plaintiff. Afterwards during that month he earned a total of $735.90 under the contract. Prior to that time he had become indebted to the city in various sums for over-payment, retained collections and wood he had disposed of, aggregating $779.52, all of which occurred before he earned anything during the month of April.

It appears in evidence, also, that the New Amsterdam Casualty Company was surety on the bond Hart had given to the city and that on his financial collapse and abandonment of the contract the Surety Company took it up and completed it. With these facts appearing before it in the evidence without dispute, the Circuit Court seems to have adopted the theory that inasmuch as the city had exacted a bond from Hart it should look to its security without claiming any offset against what he had earned and assigned to the plaintiff; and so, notwithstanding the fact that there was more due from Hart to the city than from the city to him, the Circuit Court entered judgment against

the city for his side of the account assigned to the plaintiff.

"In the case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any setoff or other defense existing at the time of, or before notice of the assignment; but this section shall not apply to a negotiable promissory note or bill of exchange transferred in good faith and upon good consideration before due": L. O. L. 28.

This is but the codification of a very familiar principle, that the transfer of a demand upon an open account is without prejudice to any counterclaim or setoff existing at the time in favor of the person against whom the assigned demand has accrued. The assignment of Hart's claim against the city did not put the plaintiff in any position more favorable than that of Hart himself. Hence the plaintiff took its claim under the assignment without prejudice to the right of the city to counterclaim against it for the full amount of Hart's indebtedness to it arising out of the transaction involved in the contract.

Although secured by the bond of the Surety Company, the city would not have been safe in paying the amount either to Hart or to his assignee. It would have depleted the fund to which the Surety Company was entitled in subrogation on assuming the performance of the contract, and would have operated to release the surety. It is analogous to the situation portrayed in the case of *Derby* v. *United States Fidelity & Guaranty Co.*, 87 Or. 34 (169 Pac. 500), to the effect that a contractor on a public work requiring a bond for the faithful performance of the contract, cannot assign his earnings under the agreement in such a manner as to prevent the surety from becoming subrogated to his rights and to the fund accruing when it

undertakes to carry out the stipulation despite his default and failure: See, also, *Labbe* v. *Bernard,* 196 Mass. 551 (82 N. E. 688, 14 L. R. A. (N. S.) 457, and note).

The cases cited by the plaintiff, such as *McDaniel* v. *Maxwell,* 21 Or. 202 (27 Pac. 952, 28 Am. St. Rep. 740); *Willard* v. *Bullen,* 41 Or. 25 (67 Pac. 924, 68 Pac. 422); *Wakefield, Fries & Co.* v. *Parkhurst,* 84 Or. 483 (165 Pac. 578), to the effect that the assignment of such a claim or any part thereof is good in equity as a transfer *pro tanto,* are not applicable here, for in all of them the person from whom the money was primarily due had no offset or counterclaim against the payment and was practically but a stakeholder, indifferent between the several claimants.

It would not be common justice to compel the city to pay the claim of the contractor who has embezzled its funds to a greater amount than he had earned. The plaintiff is in no better plight by reason of its assignment. No proper conception of the undisputed testimony in the case would justify the conclusion embodied in the judgment of the Circuit Court. It is therefore reversed and the cause remanded with directions to enter judgment for the defendant.

REVERSED WITH DIRECTIONS.

McBRIDE, C. J., and BENSON and HARRIS, JJ., concur.