Complainant, in 1937, gave to the United States government a bond in the penal sum of $19,216, conditioned to the performance of a contract of Barnard Manufacturing Company to furnish aluminum pots to the army. The performance bond was given by complainant, in reliance on an indemnity agreement executed by defendants Caravel Industries Corporation, Samuel D. Hoffman and Belle Hoffman. Suit is brought for specific performance of one of the covenants of the indemnity agreement. Except Mrs. Hoffman, who has not been served with process, the defendants have answered. Complainant moves to strike the answer. *Page 105 
The first defense is that the court should decline jurisdiction because all the parties are non-residents of New Jersey. Complainant, as well as the defendant corporation, is organized under the law of New York. The two individual defendants are residents of that state and the indemnity agreement was delivered in New York. Defendant Caravel Industries Corporation used to conduct all its business from its office in New York City. However, it entirely discontinued business a year before suit was instituted and since then has not had any office or employes anywhere, but under the law of New York, process against it in that state can be served on the secretary of state. When the suit was brought, all its tangible assets were in the plant of Barnard Aviation Equipment Company in Newark, New Jersey, intermingled with the assets of that company. Mr. Hoffman was then in charge of the latter company's plant in Newark and spent most of his working hours there. Also, he is president of the defendant corporation and an officer and director of the Equipment Company, from which he receives a substantial salary. About two months after the suit was started, the Equipment Company removed its plant to Pennsylvania and now has no factory or office in New Jersey.
The court, of course, has jurisdiction of the subject-matter of the suit and of the person of complainant and of the answering defendants. Due to the non-residence of the parties, the jurisdiction is discretionary. Sielcken v. Sorenson, 111 N.J. Eq. 44.
But the court usually acts when it has jurisdiction unless cause appears for declining to do so. The subject is considered with care and with the citation of many earlier authorities in Universal Adjustment Corp. v. Midland Bank
(Mass.), 184 N.E. Rep. 152; 87 A.L.R. 1407. See, also, 21C.J.S. 114. While the grounds for declining jurisdiction cannot be catalogued, the common ones are that the defendant, if compelled to litigate in a court far from his home, will be subjected to great and unnecessary inconvenience and expense; that the trial in the foreign forum will be hampered by the difficulty of procuring the attendance of witnesses; that these are legal problems governed by the lex loci contractus that a judge of another jurisdiction *Page 106 
would hesitate to pass upon, or that a judgment may be unenforceable in a state where the defendant does not reside and has no property. None of these grounds, or any other reasons for refusing to exercise jurisdiction appear in the suit before me. On the contrary, at the time the suit was started, it seemed that a judgment against the answering defendants could more readily be enforced in New Jersey than in New York or elsewhere. The court should retain jurisdiction.
I now proceed to the merits of the cause. The defendants jointly and severally covenanted that in the event the complainant "should deem it necessary or proper, in order to comply with the law, or with the regulations of the insurance department of any state, to set aside as loss reserve an amount * * * to cover any unadjusted claim or claims under said bond or bonds, the indemnitors will immediately upon demand * * * deposit with said surety or sureties an amount of money sufficient to cover * * * such claim or claims, such sum to be held by said surety or sureties as collateral security on said bond or bonds, with the right on the part of the surety or sureties at any time to use such sum, or any part thereof * * * in settlement of such claim or claims."
Before any deliveries were made on the contract between the Barnard Manufacturing Company and the government, the Department of Labor ruled that the company was "not a manufacturer of aluminum stock pots" and was not qualified to take a contract under the Public Contracts act. The Manufacturing Company therefore never furnished any pots in pursuance to the contract. On July 19th, 1939, the general accounting office of the United States made claim against the Manufacturing Company for $38,416 for failure to make deliveries, and at the same time demanded of complainant the full amount of the penalty of the bond, $19,216. Thereafter, complainant, as well as the Manufacturing Company, took up the matter with the Department of Justice. The last conference on the subject was held January 26th, 1940, when a complete review of the entire matter by the department was promised. That seems to be the present status of the claim. *Page 107 
Complainant, in order to comply with the insurance department regulations, has set aside a reserve of $19,216 against the claim of the United States, and has demanded that defendants deposit with it an equal sum to be held as collateral in accordance with the covenant.
In Bosch Magneto Co. v. Rushmore, 85 N.J. Eq. 93,
Vice-Chancellor Backes enforced an agreement to give an indemnity bond. The present suit is within the same principle although defendants' promise is to deposit collateral rather than to give a bond. It is argued here, as it was in that case, that specific performance should not be decreed because complainant has an adequate remedy at law. It is obvious, as was pointed out by Vice-Chancellor Backes, that no more than nominal damages could be recovered at law for breach of the covenant to post collateral. The measure of damages would be the loss thereby sustained by complainant and not the full amount of the collateral which defendants had agreed to give.
There is another covenant in the indemnity agreement, namely, that defendants will indemnify the complainant against all liability which it may sustain in consequence of executing its bond to the government. A cause of action upon this covenant accrues as soon as complainant's "liability" to the government arises, although no actual loss has yet been suffered. North v.Joseph W. North Son, 93 N.J. Law 438. But if complainant should now attempt to recover on defendants' agreement to indemnify against liability, complainant would have to prove not only its own liability to the United States, but that of the Barnard Manufacturing Company, since the one depends upon the other. Defendants vigorously deny any liability on the part of either the Manufacturing Company or complainant to the United States. Regardless of whether or not such liability exists, complainant might well fail in its proof, since it was only a guarantor of the contract and has not within its control any of the evidence relative to liability. The United States would not be bound by the judgment and might thereafter recover from complainant even though complainant should have failed in its action against defendants. Such a remedy is not adequate. *Page 108 
Defendants, admitting the government is making claim, plead that the claim is invalid because the contract of the Manufacturing Company was void under the Public Contracts act,U.S.C.A. title 41 §§ 35 et seq., and therefore complainant's performance bond was void also. Section 35 of the statute provides that contracts to furnish materials to a governmental department shall include a stipulation among others, that the contractor is the manufacturer of, or a regular dealer in the articles contracted for. Section 35 imposes penalties for breach of such stipulations "in addition to damages for any other breach of such contract." I find nothing in the statute which makes the contract void, or which relieves complainant of liability to the United States. I mention this only to indicate that the government's claim is not frivolous. The court will not, in this cause, attempt to decide whether or not the claim is valid. Defendants did not agree to post collateral only if a valid claim were made, but if any claim were made and complainant found it necessary in consequence thereof to set up a reserve.
Lastly, defendants contend that the United States is a necessary party to the suit. The United States cannot be sued without its consent and counsel do not inform me of any statute permitting it to be sued in this court in a case of this character. A suit is not ordinarily dismissed for want of a party if that party is unsuable. Story Eq. Pl. § 78. But aside from this, there seems no reason why the United States should be joined. The suit is not brought to compel the principal debtor to pay the creditor.
What the parties had in mind when defendants agreed to deposit collateral, was that at some distant day the liability of complainant might be established by judgment and the principal debtor, as well as defendants, be at that time insolvent. To guard against that contingency, the defendants agreed to make the deposit as soon as a serious question of liability should arise. Such a situation has now arisen.
The answer will be struck.
The remedy of specific performance is discretionary. It seems an unnecessary hardship for defendants to deposit money when good security such as bonds of the United States *Page 109 
would answer as well. Furthermore, the indemnity agreement seems to give complainant the right to use the deposit in payment of any claim, whether or not the claim be just. Perhaps defendants should be protected against payment of an invalid claim. Counsel may be heard on the details of the relief.