UNITED BONDING INSURANCE
COMPANY, Plaintiff,

v.

Louis STEIN, Betty Stein and Lee G.
Braunstein, a/k/a L. G. Braun-
stein, Defendants.

Civ. A. No. 41981.

United States District Court
E. D. Pennsylvania.

Oct. 16, 1967.

Peter M. Stern, M. Melvin Shralow,
Philadelphia, Pa., for petitioner.

Paul J. Donnelly, Philadelphia, Pa.,
for respondent.

## MEMORANDUM OPINION

WEINER, District Judge.

The defendants in this case move pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the action because plaintiff has allegedly failed to state a claim upon which relief can be granted. The plaintiff, in turn, is seeking specific performance of a "General Agreement of Indemnity" in which defendant petitioners have agreed, in paragraph 4, that:

> If the [plaintiff] Company shall be required or deem it necessary to set up a reserve in any amount to cover any claim or claims under said bond(s), or for any other reason whatsoever, the [defendant] Indemnitor(s) will immediately on demand deposit with the Company current funds in the amount of such reserve to be held by the [plaintiff] Company as collateral.

Plaintiff's complaint pleads the setting up of a reserve of $75,000 for claims, demand upon defendants to deposit with plaintiff current funds in the same amount, and the failure of defendants to comply. Jurisdiction is based upon diversity of citizenship.

When stripped to its essentials, this action is simply one for the specific performance of a contractual agreement. Unlike the situations with which the cases cited by defendant petitioners were involved, the instant controversy concerns defendants' promise to place funds in reserve, should the plaintiff deem such precaution necessary. Hence consideration of instances of contracts to indemnify against actual loss is not relevant, e. g. Allegheny Plastics, Inc. v. Stuyvesant Ins. Co., 414 Pa. 381, 200 A.2d 775 (1964); E. P. Wilbur Trust Co. v. Eberts, 337 Pa. 161, 10 A.2d 397 (1940); First National Bank of Spring Mills v. Walker, 289 Pa. 252, 137 A. 257 (1927); Central Trust & Sav. Co. v. Henry Kraan Furniture Co., 65 Pa.Super. 339 (1917), all cited by defendants.

In the instant case, the only conditions precedent to defendants' obligation were the plaintiff's estimate that a reserve was necessary and its demand upon de-

fendants for current funds in the amount of such reserve. Once these conditions are fulfilled equity will specifically enforce such a promise where, as in the instant case, a legal remedy for subsequent damages would not suffice, American Casualty Co. of Reading v. Ridgeway Constructors, Inc., 23 Pa.Dist. & Co.R.2d 43 (1960). On this point sister jurisdictions are in accord, In re Dailey, 19 F.2d 95 (D.N.J.1926), aff'd sub nom Tennant v. United States Fidelity & Guar. Co., 17 F.2d 38 (3d Cir. 1927); Standard Sur. & Cas. Co. of New York v. Caravel Indus. Corp., 128 N.J.Eq. 104, 15 A.2d 258 (1940); Bosch Magneto Co. v. Rushmore, 85 N.J.Eq. 93, 95 A. 614 (1915); National Sur. Corp. v. Titan Constr. Corp., Sup., 26 N.Y.S.2d 227, aff'd, 260 App. Div. 911, 24 N.Y.S.2d 141, rearg. denied, 260 App.Div. 923, 25 N.Y.S.2d 398 (1940).

On the pleadings, therefore, plaintiff has, indeed, stated a claim upon which relief may ultimately be granted, and the defendants' motion to dismiss cannot now properly prevail.