CITED in *State* v. *Randolph,* 1 *Dutch.* 429; *State* v. *Jersey City, Id.* 528; *State* v. *Orange,* 3 *Vr.* 13; *State* v. *Cook, Id.* 350; *State* v. *Vanderbilt,* 4 *Vr.* 38; *Newark* v. *State,* 5 *Vr.* 528; *State* v. *Haight,* 6 *Vr.* 181--183; *State* v. *Taylor,* 6 *Vr.* 186; *Walling* v. *Walling,* 1 *C. E Gr.* 389.

---

## AARON VANKIRK ADS. RYNEAR A. STAATS ET AL.

1. To sustain an order to hold to bail in cases of fraud there must be a positive affidavit of the debt and amount due; it must have the requisites of the affidavit, which was formerly the foundation of the *capias.*

2. In order to warrant a commissioner's order to hold to bail for the fraudu-

lent *contracting* of a debt, there must be some proof of fraudulent intention at the time of contracting. A subsequent refusal to pay over an account will not warrant an inference of fraud in contracting.

3. Where an order of a commissioner or judge to hold to bail, regular on the face of it, is set aside, and there is no evidence of abuse of the process of the court, the practice is to discharge on common bail, not to quash the writ.

In the branch court, before Justices ELMER and POTTS.

*Mulford*, for the defendant, moved to quash the *capias ad respondendum* issued in this case, or to discharge the defendant on common bail. *Dudley*, for plaintiff, contra.

The opinion of the court was delivered by

ELMER, J. The affidavits in this case set forth, in substance, that the defendant agreed to sell a quantity of bricks for the plaintiffs on commission, and pay over the proceeds of the sale as soon as received, either in money or in good paper with a short time to run; that he sold the bricks, and received the proceeds, but refused to render any account, and, in the manner and circumstances of such refusal, so acted as to give ground for the belief that he never intended to pay any thing or render any account; and that he owed the plaintiffs the sum of about four hundred dollars.

Upon the production of these affidavits to a commissioner, he made an order that it appeared to his satisfaction that the defendant fraudulently contracted the debt, and that he be held to bail in the said sum of four hundred dollars.

This order cannot be sustained. In the first place, the affidavits state no certain sum to be due. "About four hundred dollars" is no sum. The act respecting imprisonment for debt in cases of fraud (*Rev. Stat.* 321) does not repeal the act respecting bail in civil actions. *Rev. Stat.* 950. The affidavit produced to a commissioner must therefore contain all that is required by both acts. A commissioner has no common law powers, and can make no order for bail without an affidavit setting forth the cause of action and a sum certain to be due, the same as was required before the constitution prohibited imprisonment for debt, unless in cases of fraud. The fraud must now be proved in addition to the other particulars. Such

is the manifest intention of the first mentioned act, which requires "the nature and particulars of said debt or demand" to be specified, and the order for bail to be "in such sum as shall be sworn to."

But, besides this defect, the affidavits contain no facts from which the commissioner could legally infer that the debt was fraudulently contracted. They do not even prove that the defendant, when he contracted the debt, did not mean to pay it. The most that is shown is, that under various pretences he refuses to settle. No false statement or fraudulent concealment of his circumstances are alleged, nor is it shown that he made any false representation to induce the plaintiffs to trust him. He simply promised to account and pay, as every man does when he contracts a debt. Fraud in contracting the debt, in the nature of things, means some fraudulent conduct at the time of the contract whereby the other party was deceived.

The question has been raised in this case, whether we ought to quash the writ, or discharge the defendant upon common bail. The practice on this point seems hitherto to have been unsettled. Where there has been a regular order of a commissioner or judge, as in this case, so that the *capias* was *prima facie* correct, and no abuse of the writ is apparent, we think the proper course is to discharge the defendant on common bail.

Let the order of the commissioner to hold the defendant to bail be set aside, with costs, and the defendant discharged from arrest, upon the said defendant entering common bail or an appearance to the action in the clerk's book. If the plaintiff should hereafter recover costs in the action, he will not be entitled to tax any for the affidavits or the commissioner's order.

POTTS, J. concurred.

CITED *in Seidel* v. *Peschkaw*, 3 *Dutcher* 429; *Perry* v. *Orr*, 6 *Vr.* 302.