LEON BRUNE v. WILLIAM MISKIND, JOSEPH DI DONATO, WALKATHON-MARATHON, INCORPORATED, EDWARD GIULIANO, ERNEST PFEIFFER, GEORGE FELDMAN, MICKEY THAYER, GEORGE FITZSIMMONS, AND GEORGE A. YOUNGINGER POST NO. 275, VETERANS OF FOREIGN WARS.

Argued October 28, 1933—Decided October 31, 1933.

Before Justice PARKER, at chambers.

For the plaintiff, *Bozza, Bozza & Bozza.*

For the defendants, *Thomas Brunetto.*

PARKER, J. The writ was awarded by order of a Supreme Court Commissioner. The order covers eight full typewriter pages and closely follows the language of the moving affidavit, but I do not find in it any specific statement of the ground or grounds on which the attachment was ordered, except that it is "for fraudulently contracting the debt respecting which suit is to be brought." The power of the commissioner arises, if at all, under clause 3 of section 1 of the Attachment act (*Comp. Stat., p.* 133), viz., proof by affidavit of fraud which would warrant an order for a *capias ad respondendum,* and this refers us at once to section 57 of the Practice act of 1903, clause 4, "that [defendant] fraudulently contracted the debt or incurred the demand." There must be "a debt or demand founded upon a contract—express or implied." In this case the order adjudged that there is a debt.

The material facts appearing in the affidavit are that the plaintiff and defendant Giuliano engaged in a joint venture

to operate a "dance marathon" in Belleville; that they secured from defendants Di Donato and Miskind April 15th, 1932, an agreement for the use of a building for three months; that they enlisted the participation of the local veteran post by agreeing to pay that body ten per cent. of the net profits; that defendant Fitzsimmons, head of the post and recorder of Belleville, was also in his individual capacity a party to the arrangement; that a permit was secured in the name of the post; that Di Donato and Miskind delayed delivery of possession on one pretext or another until May 21st when they served notice canceling the agreement on the alleged ground (claimed to be false) that nothing had been done toward performing it; that plaintiff went to see them and was told he was not wanted, and that Fitzsimmons for the post confirmed this. Giuliano deserted; one Mickey Thayer, employed by plaintiff as an entertainer, also deserted; Thayer, together with two new parties named Ernest Pfeiffer and George Feldman, not previously mentioned, formed a corporation, which, as I surmise, though it is not definitely stated, took over the hall and conducted the "dance marathon" at a profit, as claimed, of $131,000. The plaintiff claims seventy per cent. of this profit under the agreements, or $91,700, and the commissioner, as has been said, adjudged an attachment for that amount as against all the parties named, viz., Miskind, Di Donato, the corporation Walkathon-Marathon, Incorporated, Giuliano, Pfeiffer, Feldman, Thayer, Fitzsimmons and the veteran post, "for fraudulently contracting the debt respecting which suit is to be brought."

In the first place, I can find no warrant whatever for an attachment against the two corporations. Assuming that a corporation, as such, can be guilty of a fraud, as for example under the Blue Sky law (*Pamph. L.* 1927, *p.* 138), and in such cases as *Stevens* v. *Liberty Packing Co.,* 111 *N. J. Eq.* 61; 161 *Atl. Rep.* 193, I have never heard of a corporation being held to bail for such fraud, and that is the test set up in the Attachment act.

But on broader grounds neither the corporations nor the individuals should have been subjected to an attachment, as

on the facts averred in the affidavit there was no liability to be held to bail in either case. It is elementary that the fraud underlying an order to hold to bail must be fraud in the inception of the contract. The present order rests specifically upon the fraudulent "contracting of a debt;" and that is the language of the statute. Our cases are clear that there must be proof of a fraudulent intent at the time of contracting. *Van Kirk* ads. *Staats,* 24 *N. J. L.* 121. No such proof, I think, is to be found in the affidavit. So far as appears, the contract of April 15th, 1932, on which plaintiff's claim to recovery must fundamentally rest, was entered into honestly enough by Di Donato and Miskind, on the one part, and by Giuliano on the other part. The veteran post and Fitzsimmons were brought in by plaintiff himself, who also, with Giuliano, employed Mickey Thayer. With Pfeiffer and Feldman and the Walkathon-Marathon corporation plaintiff had no relations whatever. The gist of the matter is that the parties to the contract repented of their bargain, and in conjunction with Thayer, Fitzsimmons and the others, including Giuliano who deserted as above stated, set out to make more money by breaching the contract, freezing out the plaintiff, and taking control themselves, than by keeping the contract and letting plaintiff receive seventy per cent. of the profits. There is not a word in the affidavit to indicate that plaintiff was fraudulently induced to enter into the contract and on the faith of that inducement let any of the defendants have money which he now seeks to recover back. He stands on the contract and demands the stipulated percentage. It may be that he is entitled to a judgment for that percentage, or consequential damages for breach of the contract. On neither point is a decision now intimated. But that there is no case for an arrest for fraud as against any of the defendants, I am entirely clear.

The *capias ad respondendum* will therefore be set aside, and the bail, if given, discharged, the action to proceed as if commenced by summons.

Defendants are jointly, but not severally, entitled to the costs of this motion.