STEPHEN KULICH AND JULIA KULICH, PLAINTIFFS, v. GABE C. KERTACY, STEPHEN LESKANIC AND ARTHUR J. MESSINEO, DEFENDANTS.

Decided September 27, 1934.

Before Justice HEHER, at the Passaic Circuit.

For the plaintiffs, *Anthony A. Pable.*

For the defendant Gabe C. Kertacy, *Thomas Brunetto.*

HEHER, J. The challenged order directed that defendant Kertacy be held in bail, in a specified sum, "to answer unto" plaintiffs "in an action at law." It was made under the authority of section 57 of the Practice act (3 *Comp. Stat.,*

*p.* 4069), providing, *inter alia,* that "upon proof by affidavit or otherwise to the satisfaction of the court in which the action is about to be commenced or to a judge or Supreme Court commissioner, that there is a debt or demand founded upon contract, express or implied, due to the plaintiff from the defendant," and that the defendant "fraudulently contracted the debt or incurred the demand," an order to hold the defendant to bail (in such sum as shall be shown by the proof to be due) shall be made, and a writ of *capias ad respondendum* shall then be issued.

The asserted invalidity of the order is rested upon two grounds, viz.: (1) That it is "entitled in a cause which did not exist" when it was made, and (2) the proofs did not establish a fraudulently contracted debt or demand incurred. Both points are without merit.

As to the first, it is insisted that it is within the principle enunciated in the line of cases which hold that the entitling of the supporting affidavits in a non-existent cause is fatal to the validity of the order. *Potter* v. *Cook,* 30 *N. J. L. J.* 206; *Veale* v. *Nichols,* 12 *N. J. Mis. R.* 343; *Van DeVelde* v. *Colle,* 8 *Id.* 782; *Stuerwald* v. *Furman,* 4 *Id.* 470. But such is not the case. The rationale of the decision in *Potter* v. *Cook supra* (the succeeding cases apply the principle therein declared), is that where the affidavits are entitled in a cause which is purportedly but not actually pending, an indictment for perjury will not lie if it be false. Such an affidavit is not a lawful but an extra-judicial oath. *Humphrey* v. *Cande & Lasher,* 2 *Cow.* 509; *Milliken* v. *Selye,* 3 *Den.* 54. This principle is manifestly not applicable to the order under attack, assuming that a cause did not pend when it was filed.

Moreover, an order holding the defendant to bail, based upon satisfactory proof of the particulars essential for the issuance of a *capias ad respondendum,* is a jurisdictional prerequisite. Under the old practice, where the action sounded in debt, as for goods sold, or on a promissory note, or the like, the defendant might be held to bail as of course, upon making and filing an affidavit establishing the cause of action, and endorsing upon the writ the sum shown by the affidavit to be

due. But where it sounded merely in damages, and those damages were unliquidated, special bail could not be required except upon a judge's order. *Perry* v. *Orr,* 35 *N. J. L.* 295. Now, by virtue of the constitutional prohibition against imprisonment for debt, except in cases of fraud (constitution of New Jersey, article 1, paragraph 17), and the express requirement of the Practice act the defendant cannot be imprisoned for debt, except in the case of fraud specified in the statute, and then only where there has been a special order formally adjudging that there is such fraud, based upon satisfactory proof thereof presented to the judicial officer ordering the arrest. *Hufty* v. *Wilson,* 78 *Id.* 241; *Hill* v. *Hunt,* 20 *Id.* 476; *Perry* v. *Orr, supra.*

The order for bail is therefore the authority for issuing the *capias,* without which it cannot be awarded. The statutory provision in respect of the *filing* of the affidavits may, perhaps, be regarded as directory merely. But the judicial order for bail is the *foundation* of the proceeding, and an essential prerequisite to the award of the *capias.* The statute declares that the *capias* shall be issued only upon the filing of proof of a cause of action and the special circumstances justifying the award of the writ, specified therein, and the order for bail. Without the requisite order for bail, the writ cannot lawfully issue, and an arrest made by virtue of such a writ is unwarranted. In such circumstances the proceeding upon the *capias* is not only irregular, but the writ itself is illegal. Compare *State* v. *Dunn,* 25 *N. J. L.* 214. In *R. King, qui tam,* v. *Cole,* 6 *T. R.* 640, an action for penalties, the defendant was arrested on an affidavit entitled as above, and the point was made that the affidavit was entitled in a non-existent cause. Lord Kenyon held that affidavits on the motion for leave to file the information ought not to be entitled; that the affidavits presented on showing cause against the rule might or might not be entitled; and that all affidavits made *after the rule was made absolute* must be entitled. See, also, *Rex.* v. *Harrison, Ibid.* 60. In a case in which a submission to an award was made a rule of court, and a rule to show cause why an attachment should not issue for disobeying the award was granted,

it was held that "there was no proceeding in the court till the rule for the attachment was *granted,*" and that, consequently, the affidavits on which the rule was obtained need not be entitled in any cause. *Bevan* v. *Bevan, 3 Id.* 601.

The order for bail is therefore the first step in a cause in which the award of a *capias* is sought. And if it were entitled in a cause that technically did not then depend, the defect is in a matter of form only, and is not to be regarded. The title may be rejected as surplusage.

The affidavits, while somewhat meagre in allegation, disclose a good cause of action, and, as well, the particulars essential for the holding of defendant to bail under the statute. Plaintiffs were shareholders in a building and loan association. There is satisfactory proof that the book value of these shares was $1,842, and the withdrawal value $1,706.60. Plaintiffs, having determined to withdraw from the association, appointed defendant their agent to collect the withdrawal value of the shares, and entrusted him with the documents evidencing their interest. Taking advantage of their unfamiliarity with the English language, defendant, misrepresenting an assignment of their shareholders' interest to another as a withdrawal application, procured their signatures to that paper, and later delivered it to the assignee for a consideration of $1,300. He subsequently paid to plaintiffs $640, advising them that this sum represented the total payments by the loan association to him on account of the withdrawal value of the shares. Under the old practice there was a well settled distinction, in respect of the requirements of proof, between actions upon contract in which the defendant was held to bail upon the *ex parte* affidavit of the plaintiff, and cases in which the judge's order was a prerequisite. In the latter the same strictness was not required either in matters of form or of substance. In stating the cause of action, the affidavit will be sufficient if it describes the circumstances with sufficient clearness to enable the judicial officer, in the exercise of his discretion, to determine the existence of a cause of action and the particulars necessary to justify the award of the writ under the statute, and in such a manner that if

untruly stated the affiant may be indicted for perjury. It need not be as specific and particular as a complaint. *Hufty* v. *Wilson, supra; Benson* ads. *Bennett,* 25 *N. J. L.* 166, 170; *Peltier* ads. *Banking Co.,* 14 *Id.* 257, 260. The affidavits in the instant case are sufficiently certain and positive to satisfy this rule. There was legal evidence from which the commissioner might well infer fraud justifying the award of a *capias,* and that being the case, his decision is conclusive. *Wire* v. *Browning and Hull,* 20 *Id.* 364; *Van Wagenen* v. *Coe,* 22 *Id.* 531.

Motion denied, with costs.