84 N.J. Super. 289 (1964)
201 A.2d 754
ESSENTIAL CONSTRUCTION CO., INC., AND HIMOUNT CONSTRUCTORS, LTD., A JOINT VENTURE, PLAINTIFFS-APPELLANTS,
v.
ROYAL CONCRETE FIREPROOFERS, INC., A CORPORATION OF NEW JERSEY, LIMBARDO CONTRACTING LTD., A CORPORATION OF NEW YORK, ANTONIO LIMBARDO, MARY LIMBARDO, LEO MANNO, AND SAUL TABS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 11, 1964.
Decided June 24, 1964.
*291 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. Allen S. Gutfleish argued the cause for appellants (Messrs. Weitz & Gutfleish, attorneys; Mr. Donald A. Sterling, on the brief).
Mr. Abraham L. Rosenberg argued the cause for respondents (Messrs. Rosenberg, Schmidt & Greenhalgh, attorneys).
The opinion of the court was delivered by CONFORD, S.J.A.D.
This is an attachment action. The Superior Court, Law Division, entered an order quashing plaintiffs' attachment of New Jersey bank accounts of defendant Limbardo Contracting Ltd., a New York corporation ("Limbardo," hereinafter), levied pursuant to an order for attachment dated February 28, 1964. This court granted leave to appeal.
Other defendants are Royal Concrete Fireproofers, Inc., a New Jersey corporation ("Royal," hereinafter), and certain individual stockholders, officers and agents of Limbardo and Royal. Royal and Limbardo are said to be commonly owned and controlled. The complaint charges, in substance, that plaintiffs, constituting a joint venture, contracted with Royal for the latter to provide all concrete work for the construction of a library building in New York City at a stated guaranteed figure, but that Royal defaulted on the contract; that Royal and Limbardo, through common agents and employees, conspired to defraud plaintiffs by diverting labor and material on the library job site, for which plaintiffs had advanced moneys, to construction projects elsewhere wherein Limbardo alone was contractor.
On return of an order to show cause a judge of the Law Division quashed the writ of attachment on the basis of the *292 doctrine of forum non conveniens. That was not the ground for relief submitted by Limbardo below, nor does it defend the court's action on that basis on this appeal. Rather, it supports the action of the trial court primarily on the ground that this is a tort action, not the proper subject of an attachment against a foreign corporation, where, as it claims is here the case, valid service can be effected upon the corporation in this State.
Forum non conveniens was not an appropriate basis for the quashing of the writ. While the plaintiffs are New York corporations, they are authorized to do business in New Jersey and have offices here. As noted, Royal is a New Jersey corporation, and Limbardo, while a New York corporation, is owned and operated by persons who reside in New Jersey, and it has a New Jersey base of operations, as will be seen hereinafter. The factors which properly make for rejection by a court of an action on grounds of inconvenience to the parties, particularly the defendant, need not be here detailed. They are relatively rare. See Starr v. Berry, 25 N.J. 573, 584 (1958); Standard Surety & Casualty Co. of New York v. Caravel Industries Corp., 128 N.J. Eq. 104, 105-106 (Ch. 1940). Such factors clearly do not obtain here.
We by-pass miscellaneous other contentions advanced by Limbardo to defeat this attachment to consider what we regard as its main and clearly dispositive argument  that since this is a tort action insofar as Limbardo is concerned, no attachment herein can be levied against the defendant's property since it can be served with process in New Jersey.
Plaintiff rests its right to attachment against Limbardo upon N.J.S. 2A:26-2(a) which authorizes the remedy:
"Where the facts would entitle plaintiff to an order of arrest before judgment in a civil action; and in such cases the attachment may issue against the property * * * of a corporation in the same manner as though the defendant would be liable to arrest in a civil action, except that, in actions founded upon a tort, an attachment shall not issue against a corporation upon which a summons can be served in this state; * * *." (Emphasis added)
*293 The last clause of N.J.S. 2A:26-2 reads:
"For the purposes of this section a summons can be served upon a person in this state where service can duly be made upon someone on his behalf in the state, but not where service may be made only by publication in the state."
We turn, then, to the capias statutes, as those must be read with N.J.S. 2A:26-2 by virtue of the reference therein to facts warranting arrest before judgment in a civil action.
N.J.S. 2A:15-41 deals with capias before judgment "in an action founded upon a tort," while N.J.S. 2A:15-42 provides for capias before judgment "in an action founded upon a contract." Plaintiffs argue that this action is founded upon contract rather than tort, and that it comes within subparagraph (d) of N.J.S. 2A:15-42: "That defendant fraudulently contracted the debt or incurred the demand." We would be inclined to agree with plaintiffs that the present case should be regarded as coming within that subparagraph were we satisfied that this action is not one founded in tort. See Hamilton v. Schwadron, 82 N.J. Super. 493, 498 (App. Div. 1964). However, we have concluded that this action is fundamentally one in tort, not contract, within the combined legislative intent manifested by the attachment and capias acts, read together, and that therefore plaintiffs must demonstrate satisfaction of the conditions specified in N.J.S. 2A:26-2 for availability of attachment in a tort action against a corporation  specifically, that it be shown that a summons cannot be served in this State against the corporation. See also N.J.S. 2A:15-41.
It is apparent that both the complaint and the affidavit in support of the order for attachment charge Limbardo prima facie with the tort of conversion of goods belonging to plaintiffs and fraudulent diversion of labor paid for by plaintiffs. The affidavit to procure the order for attachment states: "the defendants, Limbardo Contracting, Ltd. and Royal Concrete Fireproofers, Incorporated, did, during the course of construction, conspire to defraud the plaintiffs by diverting materials, *294 equipment and workmen to construction projects in New York City being handled solely by Limbardo Contracting, Ltd." Plaintiffs' contract was solely with Royal, according to both the complaint and affidavits. Limbardo was therefore a stranger to plaintiffs, and its liability to them for its assertedly wrongful conduct was plainly of a tortious character rather than that of a breach of contract, fraudulent or otherwise.
Plaintiffs argue that since Anthony Limbardo controlled both corporations, the breach of contract by Royal may also be regarded as a breach thereof by Limbardo so as to make the conduct of the latter corporation here complained of such as to properly warrant characterization of this action against it as one "founded upon a contract" rather than upon a tort. We cannot agree. In the first place, no such theory of liability is asserted in the complaint. See R.R. 4:77-7(a). But of even more importance, to accept the plaintiffs' contention would be to ignore the clear intent of the Legislature to distinguish basically between tort and contract actions for purposes of attachment and, in effect, to obliterate the distinction to a large degree. While equity will, in appropriate cases, ignore the corporate veil to prevent substantive injustice, we do not regard that doctrine as applicable in the present frame of reference. We are here dealing with procedural statutes, and the distinctions expressly made therein between tort and contract causes of action should be understood in terms of the ordinary, conventional connotations of those terms of art. Limbardo had no business relationship with plaintiffs whatever. Its liability to plaintiffs cannot even be properly regarded as quasi-contractual. It is an outright tortfeasor if plaintiffs' allegations are true, and its liability is in tort as distinguished from contract, within the intent of the statute. As to the tort of conspiracy to defraud, generally, see Naylor v. Harkins, 27 N.J. Super. 594, 604 (Ch. Div. 1953), reversed in part on other grounds 32 N.J. Super. 559 (App. Div. 1954); Hill Dredging Corp. v. Risley, 18 N.J. 501, 541 (1955). Cf. Bd. of Education of City of Asbury Park v. Hoek, 38 N.J. 213, 238 (1962).
*295 In another sense, the complaint may be read as charging that Limbardo wrongfully procured a breach and default by Royal of that corporation's contract with plaintiffs. This, too, would constitute a tort, rather than a breach of contract, by Limbardo. Middlesex Concrete Products and Excavating Corp. v. Carteret Industrial Ass'n, 37 N.J. 507, 516 (1962).
Having thus decided that the action against Limbardo is "founded upon a tort," we are required, first, to inquire whether a capias would lie, within N.J.S. 2A:15-41 dealing with tort actions. It is clear that it would, within (c) thereof, specifying the instance where there is "a wilfull or malicious act and the defendant is a nonresident." It is not disputed here that this provision is applicable. Next, however, we must investigate whether "a summons can be served in this state" against Limbardo, a New York corporation. If so, attachment cannot issue against it by the express terms of the act. N.J.S. 2A:26-2a. Plaintiffs assert that Limbardo could not constitutionally be served with process in personam in this State, having no registered office here nor any minimal contacts sufficient to permit a New Jersey court to acquire jurisdiction over it as a matter of due process, particularly since the cause of action here sued upon did not arise in this State. Limbardo, to the contrary, points to certain assertedly substantial contacts with this State and to the fact that its president, Anthony Limbardo, resides here and can be served as its agent in this State. It avers that in such circumstances the fact that the asserted cause of action arose out of the State is not controlling. We have decided that Limbardo's position is well taken.
Although R.R. 4:4-4(d) authorizes service of process upon a foreign corporation in terms broad enough to encompass service upon Limbardo by serving Anthony Limbardo, president thereof, at his home in this State, it is clear that implicit in the breadth of the rule language is the requirement that the foreign corporation possess such minimal contacts with this State as to render the exercise of the jurisdiction of our courts over it not unreasonable. A & M Trading Corp. v. *296 Pennsylvania R. Co., 13 N.J. 516 (1953). In the interest of accomplishing a final disposition of the controversy on this appeal, if consonant with fairness and justice, by exercise of our original jurisdiction, R.R. 1:5-4(a); R.R. 2:5, we invited the submission of proofs by affidavit concerning the contacts of the Limbardo corporation with this State, and we have considered supplemental memoranda submitted by the parties relative to the legal sufficiency thereof to base valid in personam jurisdiction over Limbardo in such an action as this one by service of process on Limbardo's president at his home in this State.
The affidavits submitted by Limbardo establish to our satisfaction the following facts. The corporation was formed in New York in 1961. Anthony Limbardo is its president and lives at Fort Lee in this State, his place of residence for 14 years. The corporation at all times has kept its cash on deposit in banks in this State and drawn checks thereon in the course of its business. In 1963 the corporation rented a storage yard in Cliffside Park for material and equipment used or to be used in its construction business, and has ever since kept and maintained such material and equipment in that yard. All repair work on the corporation's construction equipment is done in New Jersey, and supplies needed for the maintenance thereof are purchased in this State. A substantial amount of the executive activity of the president of the corporation in relation to its business is performed by him at his home in this State. Although plaintiffs have been given the opportunity to refute the foregoing by affidavit, they have not been able to do so to any significant extent. They request an opportunity to test the credibility and substance of the proofs of these facts by testimony on remand. We see no purpose in delaying a final determination of this cause by such a remand, as a matter of substantial justice. The objective facts recited are too manifestly evident to permit of any fair doubt of their physical existence or as to their significance in relation to the issue here presented. Nor is there much doubt as to the genuineness of the other facts mentioned.
*297 The facts indicated demonstrate contacts of Limbardo with this State more than adequate to support jurisdiction in personam over it within federal constitutional standards. See cases collected in Dowd v. Boro Drugs, Inc., 70 N.J. Super. 488 (App. Div. 1961). While the factor as to whether the cause of action sued on arose in the state exercising jurisdiction is entitled to some weight, particularly if there are little or no other adequate "minimal contacts," see Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), it is not determinative of absence of jurisdiction if other sufficient contacts are present, as here. Perkins v. Benguet Consol. Min. Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). Cf. Webb v. Stanker and Galetto, Inc., 84 N.J. Super. 178 (App. Div. 1964).
Since Limbardo could have been validly served in this action in New Jersey, the discharge of the attachment was legally justified, although not for the reason assigned by the trial court.
Affirmed.