99 N.J. Super. 493 (1968)
240 A.2d 450
CORPORATE DEVELOPMENT SPECIALISTS, INC., PLAINTIFF-APPELLANT,
v.
WARREN-TEED PHARMACEUTICALS, INC., A SUBSIDIARY OF ROHM & HAAS COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 2, 1967.
Decided March 11, 1968.
*494 Before Judges CONFORD, COLLESTER and LABRECQUE.
Mr. Mark D. Larner argued the cause for appellant (Messrs. Budd, Larner, Kent & Gross, attorneys).
Mr. Michael F. Spicer argued the cause for respondent (Messrs. Jamieson, Walsh, McCardell & Moore, attorneys).
PER CURIAM.
Plaintiff appeals from a judgment setting aside service of process and dismissing its action against defendant on the ground of lack of jurisdiction of this State *495 over the defendant, which is a foreign corporation not registered here.
Present here is a fairly closely balanced question of mixed law and fact as to whether defendant's contacts with the State of New Jersey, both including and apart from those pertaining to the cause of action asserted, are such as to satisfy federal due process requirements for the assertion here of in personam jurisdiction against a foreign corporation. We have concluded that the factual record made in the Law Division is inadequate; efforts by us to elict further factual information in the course of this appeal have yielded incomplete and inconclusive information; and the interests of a sound determination of the important jurisdictional question presented call for a remand, the taking of plenary proofs and the making of findings of the basic facts, as hereinafter directed. In view thereof, the present discussion of the law and facts will be limited.
Defendant is a Delaware corporation with its principal place of business in Columbus, Ohio. It is a wholly owned subsidiary of Rohm & Haas, a foreign corporation authorized to do business in New Jersey, but operates entirely independently of it. It manufactures and distributes pharmaceutical products, some in New Jersey (about $100,000 of sales to New Jersey purchasers out of a gross of about $6,750,000, according to a post-argument affidavit). Three full-time sales solicitors work for defendant exclusively here (out of their homes) on a commission basis. Orders are subject to confirmation in Ohio, and goods are shipped from Ohio directly to the purchaser. Some of defendant's sales in New Jersey emanate from orders by mail or telephone directly from customers. There are no offices, warehouses, or other employees in New Jersey. Defendant's products are advertised in professional periodicals circulating in New Jersey, and through brochures which it sends physicians in this State.
Plaintiff is a New Jersey corporation engaged in the activity of business-brokerage, with principal office in Newark. Its present action is for the unpaid balance of commissions *496 allegedly due it from defendant on a written agreement to secure the sale of a subsidiary of defendant situated in Michigan.
Service of process against defendant in this action was effected by registered mail to defendant's Ohio office pursuant to R.R. 4:4-4 (d), which so permits as against a foreign corporation, "subject to due process," where it has no officers or agents, or registered office, available for service in this State.
In view of the remand we are now ordering, we shall not here discuss the merits of a complaint by plaintiff that the trial judge failed properly to exercise his discretion in declining to give plaintiff the opportunity to adduce additional proofs on the argument of the motion to dismiss after previous adjournments thereof.
The dismissal by the trial court was based solely on the ground that in an action against a foreign corporation it is an absolute prerequisite for jurisdiction in the forum state that the cause of action has arisen out of or resulted from the activities of the defendant within the forum. The court held that the cause of action on the "retainer agreement" sued on did not arise from any activities of defendant in this State, and therefore jurisdiction was lacking. As authority, the trial court cited Note, 47 Geo. L.J. 342, 351-2 (1958) which has been favorably cited in several recent decisions of our courts, including one by our own court in Higgins v. American Soc. of Clinical Pathologists, 94 N.J. Super. 243, 249 (App. Div. 1967), reversed on other grounds, 51 N.J. 191 (1968). Read superficially, the Georgetown Note might appear to indicate that jurisdiction over a foreign corporation can be based only on a cause of action arising from activities of the defendant within the forum state, but, as will appear presently, this is a proposition so obviously mistaken that it appears highly probable that the author was positing the applicability of that requirement (Rule "2" in the excerpt from the Note, as quoted in 94 N.J. Super., at p. 249) on a state of facts where the "contact" in *497 the forum state relied on is an isolated or occasional-type act or transaction, as distinguished from substantial or systematic and continuous activity.
The great array of decisions and writings in this complex and as yet largely uncertain field, see, e.g., Roland v. Modell's Shoppers World of Bergen Cty, 92 N.J. Super. 2 (App. Div. 1966), passim, defies the confident formulation of any simple rule as to when the cause of action sued on must arise out of the local contacts. But we have distinctly held that it is not an essential in all cases that the cause of action arise out of such contacts. Essential Const. Co. v. Royal Concrete Fireproofers, 84 N.J. Super. 289, 297 (App. Div. 1964). We there cited Perkins v. Benguet Consol. Min. Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952), which, as has generally been recognized, exemplifies the principle that due process does not necessarily depend on a showing that the cause of action against the foreign corporation has arisen out of its contacts with the forum state (as where nonrelated contacts are sufficiently substantial and continuous). See Proposed Draft (1967) of Restatement, Conflict of Laws 2d, § 47 (2), and Comment and Reporter's Note thereon.
The present inconclusive phase of the instant case is not an appropriate juncture for further exploration of the law relative to the foregoing. Suffice it now to say that the reason given by the trial court for dismissal of the action was incorrect if based, as apparently it was, on the premise that regardless of the substantiality and continuity of defendant's sales activities in this State there could be no jurisdiction over it for the reason alone that the cause of action sued on was unrelated to sales of defendant's products here. We prefer not to venture a determination of this appeal at this time on a resolution of the sufficiency of defendant'ls local sales activities per se to found jurisdiction, and for two reasons. First, further proof relative thereto is or may be desirable; second, jurisdiction may turn out to be justified, alone or in part, on the basis of defendant's *498 creation, through the making of the contract in suit, in the light of the actual or contemplated nature and place of its performance, of significant consequences in this State with ultimate damages to a New Jersey corporation. See Note, 18 Vanderbilt L. Rev. 1484, 1500-01 (1965), commenting on Haldeman-Homme Mfg. Co. v. Texacon Industries, Inc., 236 F. Supp. 99 (D.C. Minn. 1964); Note, 50 Minn. L. Rev. 946 (1966); Deveny v. Rheem Manufacturing Company, 319 F.2d 124, 127-128 (2 Cir. 1963).
We prefer to have all the facts before us before making a final determination as to the existence of jurisdiction here. As indicated above, the evidence now before us, either on the trial record or in post-argument affidavits, is inadequate or inconclusive. A plenary hearing is highly desirable in this particular case and is hereby directed.
The proofs required are generally as follows: (a) the nature of defendant's sales activities here, with details as to the status, duties, performance and method of payment of the resident sales solicitors; gross sales, gross sales in New Jersey, gross sales from orders obtained by New Jersey resident solicitors; (b) extent of advertising in journals circulating in New Jersey, circulation figures, cost of advertising, etc.; extent of brochures sent to New Jersey sales prospects; extent of samples of products distributed here; (c) details of negotiations, oral and written, in respect of place, time and content, resulting in contract in suit, places of meetings between representatives of plaintiff and of defendant prior to agreement and subsequent thereto in the course of performance thereof; location of office or offices or other places in or from which plaintiff's representatives did work or engaged in activity in performance of the agreement; where it was contemplated at time of making of contract that activity of plaintiff by way of performance of the agreement would take place; (d) inter-corporate or business relationships of defendant with Rohm & Haas; (e) any other proofs which either side deems relevant to the issue of jurisdiction.
*499 Suitable findings as to the basic facts including resolution of disputed facts (not conclusions of law) are to be made by the trial court from the proofs adduced. This remand is to be executed, inclusive of findings of fact, within 60 days of the filing of this opinion. The appellant will file a supplemental brief and appendix within 30 days thereafter, and subsequent steps in the appeal shall be as in the ordinary course. The court retains jurisdiction.
Remanded to the Law Division for further proceedings conforming herewith. No costs on this appeal.